JANI-KING OF MEMPHIS, INC., Jani King, Inc., and Jani–King International, Inc., Appellants,

v.

Jeanette YATES and Shirley J. Dunn, Appellees.

No. 14–97–00542–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 12, 1998.

Martin R. Griffin, Thomas F. Loose, Dallas, Matthew B. Edquist, Angleton, for appellants.

Alton C. Todd, Otto D. Hewitt, III, Alvin, for appellees.

Before LEE, AMIDEI and ANDERSON, JJ.

## OPINION

LEE, Justice.

This is an attempted interlocutory appeal from the trial court's denial of appellants' motion to strike appellees' plea in intervention. Appellees have filed a motion to dismiss the appeal which we have taken with the case. Because we find the trial court's denial of appellants' motion to strike is an unappealable interlocutory order, we dismiss the case for want of jurisdiction.

## BACKGROUND

In July 1995, four plaintiffs filed suit in Brazoria County against appellants, alleging appellants had breached certain contracts, committed fraud, and violated the Deceptive Trade Practices Act. After filing an answer, appellants moved to transfer venue to Dallas County, the county of its principal office in the state. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.002 (Vernon Supp.1997). On October 3, 1996, the trial court held a venue hearing and denied appellants' motion to transfer.

On December 19, 1996, appellees filed a plea in intervention, seeking to join the original plaintiffs' lawsuit against appellants. Appellants responded by filing a "Motion to Transfer Venue of Intervenors' Claims, Or Alternatively, to Strike Intervention." Appellants argued that because appellees had failed to satisfy the mandatory venue requirements of section 15.003(a) or (b) of the Texas Civil Practice and Remedies Code, the "Intervenors' claims should be severed and transferred to Dallas County—the site of Defendants' principal offices in Texas...." *See id.*, § 15.003.[1] Alternatively, appellants asked the trial court to "strike [the] Intervenors' claims." On March 27, 1997, the trial court held a second venue hearing, denied appellants' motion to transfer, and overruled the motion to strike appellees' plea in intervention. In one point of error, appellants challenge the trial court's ruling on the motion to strike.

### ANALYSIS

In their motion to dismiss the appeal, appellees claim this Court does not have jurisdiction to consider appellants' complaint because the trial court's denial of appellants' motion to transfer venue is not a final, appealable order. *Id.*, § 15.064(a); *'21 Int'l Holdings v. Westinghouse Elect. Corp.*, 856 S.W.2d 479, 484 (Tex.App.—San Antonio 1993, no writ). We believe appellees mischaracterize the substance of appellants' appeal. Appellants moved to transfer venue of appellees' claims *or* strike the intervention on the ground the plea in intervention was improper under section 15.003(c) of the Civil

Practice and Remedies Code. The trial court overruled the motion, and on appeal, appellants challenge that ruling. We must determine whether we have jurisdiction to review the trial court's denial of appellants' motion to strike the plea in intervention. *See McClennahan v. First Gibraltar Bank*, 791 S.W.2d 607, 608 (Tex.App.—Dallas 1990, no writ) (noting the initial inquiry an appellate court must make is whether it has jurisdiction to entertain the appeal).

▮ Generally, appellate jurisdiction exists only in cases in which a final judgment has been rendered that disposes of all issues and parties in the case. *See Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 268 (Tex.1992). The Legislature has, however, authorized the appeal of a number of interlocutory orders. *See, e.g.*, TEX. CIV. PRAC. & REM.CODE ANN. § 51.014 (authorizing interlocutory appeals of orders appointing receivers or trustees; orders overruling motions to vacate orders appointing receivers or trustees; orders certifying or refusing to certify a class; orders granting or refusing temporary injunctions; and orders denying motions for summary judgment based upon claims of immunity or free speech grounds); *see also* § 171.017(a)(1) (orders denying applications to compel arbitration). It is fundamental error for an appellate court to assume jurisdiction over an interlocutory appeal when it is not expressly authorized by statute. *See New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 679 (Tex.1990). In this case, the trial court's denial of appellants' motion to strike

---

1. Section 15.003 was added to the Texas Civil Practice and Remedies Code in 1995, a year in which the Texas Legislature essentially redefined Texas venue law. *See* A. Erwin Dwyer et al., *Texas Civil Procedure*, 49 SMU L.REV. 1371, 1375 (1996). That statute provides, in part:

(a) In a suit where more than one plaintiff is joined each plaintiff must independently of any other plaintiff, establish proper venue. Any person who is unable to establish proper venue may not join or maintain venue for the suit as a plaintiff unless the person, independently of any other plaintiff establishes that:

(1) joinder or intervention in the suit is proper under the Texas Rules of Civil Procedure;

(2) maintaining venue in the county of suit does not unfairly prejudice another party to the suit,

(3) there is an essential need to have the person's claim tried in the county in which the suit is pending; and

(4) the county in which the suit is pending is a fair and convenient venue for the person seeking to join in or maintain venue for the suit and the persons against whom the suit is brought.

(b) A person may not intervene or join in a pending suit as a plaintiff unless the person, independently of any other plaintiff:

(1) establishes proper venue for the county in which the suit is pending; or

(2) satisfies the requirements of Subdivisions (1) through (4) of Subsection (a).

TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(a), (b) (Vernon Supp.1997).

appellees' plea in intervention is not final because it does not dispose of either the parties or the issues presented. Consequently, in order for this Court to have jurisdiction, appellate review of the trial court's interlocutory order must be permitted by statute. *Id.*

Appellants claim this court has jurisdiction over this appeal pursuant to section 15.003(c) of the Civil Practice and Remedies Code. That section provides:

(c) Any person seeking intervention or joinder, who is unable to independently establish proper venue, or a party opposing intervention or joinder of such a person may contest the decision of the trial court allowing or denying intervention by taking an interlocutory appeal to the court of appeals district in which the trial court is located under the procedures established for interlocutory appeals. The appeal must be perfected not later than the 20th day after the date the trial court signs the order denying or allowing the intervention or joinder. The court of appeals shall:

(1) determine whether the joinder or intervention is proper based on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard; and

(2) render its decision not later than the 120th day after the date the appeal is perfected by the complaining party.

2. Prior to the enactment of § 15.003, the Civil Practice and Remedies Code provided that:

"[w]hen ... two or more claims or causes of action are properly joined in one action and the court has venue of an action or claim against any one defendant, the court also has venue of all claims or actions against all defendants unless one or more of the claims or causes of action is governed by one of the provisions of Subchapter B requiring transfer of the claim or cause of action, on proper objection, to the mandatory county."

TEX. CIV. PRAC. & REM.CODE ANN § 15.061 (Vernon 1992) (repealed by Acts 1995, 74th Leg., ch. 138, § 10, eff. Aug. 28, 1995).

TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(c) (Vernon Supp.1997).

Although section 15.003(c) clearly allows an interlocutory appeal to contest the trial court's decision to allow a party to intervene, the statute is not applicable to the case at bar. The enactment clause of Chapter 15 of the Civil Practice and Remedies Code provides that "this Act applies only to a suit *commenced on or after September 1, 1995.*" TEX. CIV. PRAC. & REM.CODE ANN. § 15.001 historical note (Vernon Supp.1997), Act of May 18, 1995, 74th Leg., R.S., ch. 138, § 11(a), 1995 Tex. Gen. Law 978, 981 (emphasis added). "A suit commenced before September 1, 1995, is governed by the law applicable to the suit immediately before the effective date of this Act, and that law is continued in effect for that purpose." *Id.*[2] It is undisputed that the suit into which appellees have intervened was filed in July 1995, almost two months *prior* to the effective date of section 15.003.

Appellants contend the term "suit" used in the enactment clause of Chapter 15 refers to appellees' *plea in intervention,* rather than the pending lawsuit. In support of their argument, appellants' three briefs devote considerable effort discussing legislative intent and argue the Texas Legislature enacted section 15.003 to allow an interlocutory appeal to contest the validity of any plea in intervention filed after September 1, 1995. Emphasizing the Legislature passed section 15.003 in order to "stop the practice of 'piggybacking,'" *i.e.,* multiple plaintiffs obtaining venue in a county solely on the basis of an initial plaintiff's claims, appellants contend this court should construe the statute to effectuate the Legislature's intent.[3]

3. The legislative history indicates § 15.003 was enacted to eliminate the type of forum shopping demonstrated in *Polaris Inv. Management Corp. v. Abascal,* 892 S.W.2d 860 (Tex.1995). In *Polaris,* over 2000 plaintiffs from across the nation sought to "piggyback" their claims on the claims of one resident plaintiff who sued the defendants in Maverick County. None of the intervening plaintiffs or defendants resided in the county of suit. *See Polaris Inv. Management Corp. v. Abascal,* 890 S.W.2d 486 (Tex.App.—San Antonio 1994, orig. proceeding [leave denied]). Senator John Montford, author of the Senate bill that eventually became § 15.003, explained one of the purposes of the legislation was "to eliminate the practice of finding a plaintiff with legitimate venue and then piggybacking 100s [sic] of plaintiffs

The primary rule in statutory interpretation is that the court must consider the intent of the Legislature and construe the statute so as to give it that intent. *See Union Bankers Ins. Co. v. Shelton*, 889 S.W.2d 278, 280 (Tex.1994). However, a court may only look behind the law and examine the legislative intent and public policy where the statute is unclear, uncertain or ambiguous. *See Sorokolit v. Rhodes*, 889 S.W.2d 239, 241 (Tex.1994). If the statute is clear, the court must give the statute its plain and common meaning. *Id.* In applying the plain and common meaning of the statute's language, we may not, by implication, enlarge the definition of any word in the statute beyond its ordinary meaning. *Id.* When construing a statute that establishes appellate jurisdiction, we are not at liberty to expand our jurisdiction beyond that conferred by the Legislature. *See Polaris Inv. Management Corp. v. Abascal*, 892 S.W.2d 860, 862 (Tex.1995); *Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex.1985).

We find the language of Chapter 15 is clear and unambiguous. The enactment clause of the chapter states provides section 15.003 applies only to a "suit commenced on or after September 1, 1995." Contrary to appellants' argument, we believe the "suit" to which the clause refers is the original lawsuit filed against the defendant, not the plea in intervention. A fair reading of the provisions of Chapter 15 supports such an interpretation. Section 15.003 uses the term "suit" eleven times, and each time, the term references the original suit filed against the defendant.

Based upon our reading of the statutory language, we hold section 15.003(c) allows an interlocutory appeal to challenge the decision of the trial court allowing or denying intervention only when the *underlying lawsuit* was filed after September 1, 1995. If the Legislature had intended otherwise, it could have expressed its intent in plain and specific language. *See Government Personnel Mut. Life Ins. Co. v. Wear*, 151 Tex. 454, 251 S.W.2d 525, 528–29 (1952); *see also Brazos River Auth. v. City of Graham*, 163 Tex. 167, 354 S.W.2d 99, 109 (1961) ("If parliament does not mean what it says, it must say so.").[4] Because section 15.003(c) does not apply to the present case, and because no other statute recognizes an interlocutory right to appeal a trial court's ruling on a motion to strike a plea in intervention, we do not have jurisdiction to consider appellants' complaint. Accordingly, we dismiss the appeal for want of jurisdiction.

---

onto a lawsuit that do not have proper venue or any legitimate connection with the county." Hearings on Tex. S.B. 32 Before the Senate Economic Development Comm., 74 th Leg., R.S. at 26 (1995).

4. Appellants concede that no Texas court has construed § 15.003 in a manner consistent with their interpretation. Appellants do, however, offer several cases which suggest a plea in intervention is a "new suit." *See, e.g., Fleming v. Seeligson*, 57 Tex. 524, 533 (1881) (noting that a plea in intervention is "in the nature of a new suit."); *Goode v. Shoukfeh*, 863 S.W.2d 547, 551

(Tex.App.—Amarillo 1993, no writ) (holding that additional plaintiffs did not commence "suit" for purposes of limitations until they were named in a third amended petition); *see also United States v. Randall & Blake*, 817 F.2d 1188, 1192 (5th Cir.1987). However, none of the cases cited by appellants address the issue presented here, *i.e.*, the effective date of Tex Civ. Prac & Rem.Code Ann. § 15.003 (Vernon Supp.1997). Furthermore, because we find the language of Chapter 15 is clear and unambiguous, we cannot consider the legislative intent beyond that expressly stated in the statute itself. *See Sorokolit*, 889 S.W.2d at 241.