**AMERICAN HOME PRODUCTS CORPORATION, et al, Appellants,**

**v.**

**Shannon DAVIS, et al, Appellees.**

**No. 09–98–099 CV.**

Court of Appeals of Texas, Beaumont.

Submitted June 25, 1998.

Decided July 30, 1998.

As Corrected Aug. 24, 1998.

Paul W. Gertz, Germer & Gertz, Jo Ben Whittenburg, Orgain, Bell & Tucker, William B. Coffey, Jr., Adams & Coffey, Beaumont, Nelly R. Herrera, Assistant Attorney General, Austin, for appellant.

D'Juana J. Parks, Provost & Umphrey, Mitchell A. Toups, Weller, Green, McGown & Toups, Beaumont, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

**OPINION**

PER CURIAM.

This is an accelerated, interlocutory appeal pursuant to TEX.CIV.PRAC. & REM.CODE ANN. § 15.003 (Vernon Supp.1998) from the trial court's denial of appellants' motions to strike and/or sever improperly joined intervenors. The first question that faces the Court in this appeal is the question of jurisdiction.

The underlying action consists of three consolidated products liability cases involving various defendants, including, among others, American Home Products Corporation, Wyeth–Ayerst Laboratories Division of American Home Products Corporation, Wyeth–Ayerst Laboratories Company, Wyeth–Ayerst International, Inc., Dr. Meza, Dr. Moses, and University of Texas Medical Branch–Prenatal Clinic, appellants herein. The three consolidated cases are:

The *Shannon Davis* case filed on January 4, 1995, with one plaintiff [1];

The *Adams* case filed on August 31, 1995, with 935 plaintiffs;

---

1. A second plaintiff was later added to the suit through a plea in intervention.

The *Adkins* case filed on August 31, 1995, with 73 plaintiffs.

On May 29, 1997, 2829 plaintiffs filed interventions in the *Shannon Davis* case. A motion to strike this group of intervenors was denied on February 9, 1998. The appellants allege the intervenors were "piggy-backing" into the suits filed prior to September 1, 1995.

■ The right to intervene in a pending lawsuit is given in furtherance of speedy disposition of suits and to prevent multiplicity of actions. *Metromedia Long Distance, Inc. v. Hughes*, 810 S.W.2d 494, 498 (Tex. App.—San Antonio 1991, writ denied); *Inter-Continental Corp. v. Moody*, 411 S.W.2d 578, 589 (Tex.Civ.App.—Houston 1966, writ ref'd n.r.e.); *Mulcahy v. Houston Steel Drum Co.*, 402 S.W.2d 817, 819 (Tex.Civ. App.—Austin 1966, no writ).

■ As appellants candidly admitted in oral argument, *Jani–King of Memphis, Inc. v. Yates*, 965 S.W.2d 665 (Tex.App.—Houston [14th Dist.] 1998, n.w.h.), is directly on point wherein, as in this case, appellants claimed intervenors were "piggy-backing." In reviewing § 15.003, the court in *Jani–King* stated that:

> Although section 15.003(c) clearly allows an interlocutory appeal to contest the trial court's decision to allow a party to intervene, the statute is not applicable to the case at bar. The enactment clause of Chapter 15 of the Civil Practice and Remedies Code provides that "this Act applies only to a suit *commenced on or after September 1, 1995*." Tex.Civ.Prac. & Rem. Code Ann. § 15.01 historical note (Vernon Supp.1997), Act of May 18, 1995, 74th Leg., R.S., ch. 138, § 11(a), 1995 Tex.Gen.Law 978, 981 (emphasis added). "A suit commenced before September 1, 1995, is governed by the law applicable to the suit immediately before the effective date of this Act, and that law is continued in effect for that purpose." *Id.* It is undisputed that the suit into which appellees have intervened was filed in July 1995, almost two months *prior* to the effective date of section 15.003.

. . . .

> Based upon our reading of the statutory language, we hold section 15.003(c) allows an interlocutory appeal to challenge the decision of the trial court allowing or denying intervention only when the *underlying lawsuit* was filed after September 1, 1995. If the Legislature had intended otherwise, it could have expressed its intent in plain and specific language. *See Government Personnel Mut. Life Ins. Co. v. Wear*, 151 Tex. 454, 251 S.W.2d 525, 528–29 (1952); *see also Brazos River Auth. v. City of Graham*, 163 Tex. 167, 354 S.W.2d 99, 109 (1961) ("If parliament does not mean what it says, it must say so."). Because section 15.003(c) does not apply to the present case, and because no other statute recognizes an interlocutory right to appeal a trial court's ruling on a motion to strike a plea in intervention, we do not have jurisdiction to consider appellants' complaint. Accordingly, we dismiss the appeal for want of jurisdiction.

*Jani–King*, 965 S.W.2d at 667–68. (footnotes omitted).

We agree with the *Jani–King* court and hold that an *intervention* in a previously filed "suit" which existed prior to September 1, 1995, does not fall under § 15.003. As the court in *Jani–King* stated, "If the legislature had intended otherwise, it could have expressed its intent in plain and specific language." *Id.* at 668. Because the suit in the instant case was filed prior to September 1, 1995, we do not have jurisdiction to consider appellant's complaint.

Accordingly, we dismiss this appeal for want of jurisdiction.

APPEAL DISMISSED.