Dismissed and Opinion filed June 13, 2002









Dismissed and Opinion filed June 13, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00483-CV

____________

 

DECARLOS MONTRAY GARRETT, Appellant

 

V.

 

RAMADA FRANCHISE SYSTEMS, INC. AND RAMADA PLAZA HOTEL
NEAR THE GALLERIA, Appellees

 



 

On
Appeal from the 234th District Court

Harris
County, Texas

Trial
Court Cause No. 01-54071

 



 

M E M O R A N D U M  O
P I N I O N








This is an attempted appeal from a partial default judgment
signed March 22, 2002.  In October of
2001, Heidi and Richard Aucoin filed suit against Ramada Franchise Systems,
Inc. and Ramada Plaza Hotel Near the Galleria, appellees.  The Aucoins were guests at the Ramada Plaza
Hotel Near the Galleria.  While Mrs.
Aucoin was in the parking lot of the hotel, she and her infant child were
kidnaped by two armed assailants, Beerien DeWayne Crouch and DeCarlos Montray
Garrett.  The Aucoins alleged appellees
were negligent in failing to provide adequate security.  After they were sued, appellees filed a
third-party action against Crouch and Garrett, the assailants, seeking
contribution and indemnity.  

Appellees moved for a partial default judgment against Crouch
and Garrett.  The trial court found
Crouch and Garrett were properly served, but did not file an answer or
otherwise appeal.  Accordingly, on March
22, 2002, the trial court granted a partial default judgment in favor of
appellees on their claims for contribution and indemnity.  This judgment did not dispose of the claims
by the Aucoins against appellees, nor does the record show the trial court
granted a severance as to the partial default judgment.  Garrett, nevertheless, filed a pro se notice
of appeal on April 19, 2002.  

An appellate court lacks jurisdiction to review an
interlocutory judgment or order unless a statute specifically authorizes an
exception to the general, which is that appeal may only be taken from final
judgments.  Qwest Communications Corp.
v. AT & T Corp., 24 S.W.3d 334, 336 (Tex. 2000); Jani-King of
Memphis, Inc. v. Yates, 965 S.W.2d 665, 666 (Tex. App.CHouston [14th Dist.] 1998, no
pet.).  It is fundamental error for an
appellate court to assume jurisdiction over an interlocutory appeal when it is
not expressly authorized by statute.  Yates,
965 S.W.2d at 666 (citing New York Underwriters Ins. Co. v. Sanchez, 799
S.W.2d 677, 679 (Tex. 1990)).  

On May 23, 2002, notification was transmitted to all parties
of the Court=s intent to dismiss the appeal for
want of jurisdiction because there is no final judgment from which to
appeal.  See Tex. R. App. P. 42.3(a).  Appellant filed no response.  

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

Judgment rendered and Opinion
filed June 13, 2002.

Panel consists of Justices Hudson,
Fowler, and Edelman. 

Do Not Publish C Tex. R. App. P.
47.3(b).