IMPACT SPORTS MARKETING INC. V. RADIOSHACK CORP.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-022-CV

IMPACT SPORTS MARKETING, INC. APPELLANT

V.

RADIOSHACK CORP. APPELLEE

------------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant attempts to appeal from a trial court order requiring an evidentiary hearing on a motion for stay and to compel arbitration.  We dismiss the appeal for want of jurisdiction.

On January 6, 2003, the trial court issued an order requiring an evidentiary hearing “to assist the Court in the determination of the merits of” appellant’s motion for stay and to compel arbitration.  On January 24, appellant filed a “Protective Notice of Appeal” in which appellant stated that it believed the proper method to seek review of the trial court’s order was by mandamus because the Federal Arbitration Act governed the parties’ dispute.  Appellant further stated, however,  that it was filing the protective notice of appeal “to protect itself from any argument of waiver concerning [appellant’s] right to seek review of the Order.”  On February 6, appellant filed a petition for writ of mandamus challenging the trial court’s order requiring an evidentiary hearing.  We denied the petition for writ of mandamus on March 5.

On March 13, appellee filed a motion to dismiss the appeal, asserting that this court has no jurisdiction because the order requiring an evidentiary hearing is not an appealable interlocutory order.  On March 25, appellant filed a response to the motion to dismiss and a counter-motion to abate the appeal.  In that motion, appellant argues that there is uncertainty as to whether review of the order requiring an evidentiary hearing is by mandamus or interlocutory appeal, and it asks this court to abate this appeal pending the Texas Supreme Court’s review of a petition for writ of mandamus that is to be filed challenging the trial court order.  Appellee filed a response on March 27, reiterating that this court has no jurisdiction.

Generally, appellate jurisdiction exists only in cases in which a final judgment has been rendered that disposes of all issues and parties in the case.  
See Jack B. Anglin Co. v. Tipps, 
842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding); 
Houston Health Clubs, Inc. v. First Court of Appeals, 
722 S.W.2d 692, 693 (Tex. 1986) (orig. proceeding).  The Texas Legislature has authorized, however, the appeal of several types of interlocutory orders, none of which is at issue here.  
See, e.g., 
Tex. Civ. Prac. & Rem. Code Ann. 
§§ 15.003(c), 51.014, 171.098 (Vernon Supp. 2003); 
Tex. Gov’t Code Ann. 
§ 1205.068 (Vernon 2000).  It is fundamental error for an appellate court to assume jurisdiction over an interlocutory appeal that is not expressly authorized by statute.  
See New York Underwriters Ins. Co. v. Sanchez, 
799 S.W.2d 677, 679 (Tex. 1990); 
Jani-King, Inc. v. Yates, 
965 S.W.2d 665, 666-67 (Tex. App.—Houston [14
th
 Dist.] 1998, no pet.).  

The legislature expressly provided that a party may appeal certain orders concerning arbitration, but an order requiring an evidentiary hearing to assist the court in determining the merits of a motion to compel arbitration is not one of them.  
See 
Tex. Civ. Prac. & Rem. Code Ann. 
§ 171.098.  And Texas procedure controls when Texas courts construe claims governed by the Federal Arbitration Act.  
Jack B. Anglin, 
842 S.W.2d at 272.  Thus, an interlocutory appeal of the order is not authorized, regardless of whether the Texas or Federal Arbitration Act applies. 

Because the order requiring an evidentiary hearing is neither a final judgment nor an appealable interlocutory order, we have no jurisdiction over this appeal.  Accordingly, we grant appellee’s motion to dismiss, deny appellant’s counter-motion to abate the appeal, and dismiss the appeal for want of jurisdiction.  
See
 
Tex. R. App. P.
 42.3(a), 43.2(f). 

ANNE GARDNER

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED:  May 8, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.