COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

LAWRENCE JOSEPH TUCKER,                        )

                                                                              )              
No.  08-02-00003-CV

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
327th District Court

FRANCISCO F. MACIAS,                                  )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )                     (TC# 98-296)

                                                                              )

 

 

MEMORANDUM   OPINION

 

This is an
attempted appeal of a trial court=s
denial of Appellant=s motion
to amend his original petition.  We
dismiss the appeal for want of jurisdiction.

In 1998,
Appellant, Lawrence Joseph Tucker, filed suit against Appellee, Francisco F.
Macias, alleging attorney malpractice.[1]  On January 16, 2001, Appellant filed a motion
to amend his original petition.  On
November 7, 2001, the trial court issued an order denying amendment or
supplementation of the petition. 
Appellant then filed notice of appeal of the trial court=s order with this Court.








Appellant asserts
two issues in his brief.  First, he
contends the trial court abused its discretion by denying the motion to amend
his petition.  Second, Appellant argues
the trial court erred by failing to rule on or grant his motion for appointment
of counsel.  

Appellate
jurisdiction generally exists only in cases in which a final judgment has been
rendered that disposes of all issues and parties in the case.  Jack B. Anglin Co., Inc. v. Tipps, 842
S.W.2d 266, 272 (Tex. 1992)(orig. proceeding); Houston Health Clubs, Inc. v.
First Court of Appeals, 722 S.W.2d 692, 693 (Tex. 1986)(orig.
proceeding).  However, the Texas
Legislature has authorized the appeal of several types of interlocutory orders,
none of which are at issue in this case. 
See, e.g., Tex.Civ.Prac.&Rem.Code
Ann. ' 15.003(c)(Vernon
2002); Tex.Civ.Prac.&Rem.Code Ann.
' 51.014 (Vernon Supp. 2003); Tex.Civ.Prac.&Rem.Code Ann. ' 171.098 (Vernon Supp. 2003); Tex.Gov=t Code Ann. '
1205.068 (Vernon 2000).  Moreover, an
appellate court commits fundamental error when it assumes jurisdiction over an
interlocutory appeal that is not expressly authorized by statute.  See New York Underwriters Ins. Co. v.
Sanchez, 799 S.W.2d 677, 679 (Tex. 1990); Jani-King of Memphis, Inc. v.
Yates, 965 S.W.2d 665, 666 (Tex.App.--Houston [14th Dist.] 1998, no pet.).

An appellate court
may look to the record in the case to determine whether an order disposes of
all pending claims and parties.  Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 205-06 (Tex. 2001).  The record now before us does not contain a
final judgment or an appealable interlocutory order.  See Tex.Civ.Prac.&Rem.Code
Ann. ' 51.014; Tipps,
842 S.W.2d at 272.  The trial court=s failure to rule or rule favorably
on Appellant=s
motion for appointment of counsel is not appealable at this time.  Furthermore, because the order denying
amendment of Appellant=s
pleadings is also neither a final judgment nor an appealable interlocutory
order, we have no jurisdiction over this appeal.








Accordingly, on the Court=s own motion,[2]
we dismiss this appeal for want of jurisdiction.  See
Tex.R.App.P. 42.3(a).

 

June 12, 2003

DAVID WELLINGTON CHEW, Justice

 

Before
Panel No. 2

Barajas,
C.J., McClure, and Chew, JJ.











[1]
Appellant brought suit as a pro se litigant and also appears pro se
before us on appeal. 





[2]
Although Appellee failed to file a formal motion to dismiss for want of
jurisdiction, he does include a section in his brief urging the Court to
dismiss on this basis.