COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

TEMPLETON SOUTHWEST
INSURANCE       )

AGENCY,
INC.,                                                  )              
No.  08-03-00262-CV

                                                                              )

Appellant,                          )                    Appeal from the

                                                                              )

v.                                                                           )                 
34th District Court

                                                                              )

BOUCHE TRUCKING, INC.,                             )           
of El Paso County, Texas

                                                                              )

Appellee.                           )                 
(TC# 2000-1628)

                                                                              )

 

 

MEMORANDUM  OPINION

 

This is an
accelerated interlocutory appeal from the trial court=s
order which purportedly grants a temporary injunction in favor of Appellee Bouche Trucking, Inc. (ABouche
Trucking@).  On appeal, Appellant Templeton Southwest
Insurance Agency, Inc. (ATempleton@) raises three issues for review, in
which it argues the trial court abused its discretion in granting the temporary
injunction because the court lacked jurisdiction to enjoin it, the injunction
order is unenforceable because it is not in compliance with Rules 683 and 684
of the Texas Rules of Civil Procedure, and the trial court abused its
discretion in granting the injunction order because Bouche
Trucking did not meet its burden to prove its entitlement to an
injunction.  We dismiss this appeal for
want of jurisdiction.

 








PROCEDURAL
BACKGROUND

Templeton filed a
lawsuit in Bexar County, Texas for amounts due under an agreement to provide
insurance policies.  Bouche
Trucking failed to answer and Templeton obtained a default judgment against Bouche Trucking.[1]  On May 15, 2000, Bouche
Trucking filed suit against Templeton in El Paso County for declaratory relief
regarding the agreement and an accounting of the amounts due.  On June 29, 2000,Templeton
answered the suit, subject to its plea to the jurisdiction and plea in
abatement, arguing that the trial court did not have jurisdiction to hear Bouche Trucking=s
suit because Templeton had previously obtained a default judgment against Bouche Trucking in an earlier suit in Bexar County.  Templeton then sought an order compelling
post-judgment discovery in the Bexar County suit.  On August 15, 2000, Bouche
Trucking filed a plea in abatement, arguing that the Bexar County default
judgment was void and unenforceable for improper service and asked that the El
Paso court enjoin Templeton from taking any further action to invoke the
jurisdiction of the Bexar County court.








On July 27, 2001,
the El Paso trial court entered an order denying Templeton=s plea in abatement and plea to the
jurisdiction.  The court found that the
Bexar County judgment was void and unenforceable for improper service of
process.  On October 9, 2001, Templeton
filed a motion to reconsider the denial of its plea in abatement/motion to
dismiss, arguing that Bouche Trucking=s collateral attack on the Bexar County
judgment should fail because nothing on the face of the judgment shows that
service was not proper.

On November 29,
2001, Bouche Trucking filed an application for
temporary restraining order and injunction against Templeton to prohibit
Templeton from proceeding with the Bexar County suit.  On December 10, 2001, Templeton filed a
second plea to the jurisdiction, alleging that the trial court had no
jurisdiction to hear the injunction because Tex.Civ.Prac.&Rem.Code Ann. '
65.023 requires that an anti-suit injunction be brought in the court where the
prior lawsuit is pending and an attempt to avoid execution on a judgment must
be brought in the rendering court. 
Templeton also filed a motion to transfer venue to Bexar County.

On May 12, 2003,
the El Paso trial court signed an order in which it found the Bexar County
default judgment void and unenforceable and ordered that Templeton=s plea in abatement/motion to dismiss,
the motion to transfer venue, and it=s plea to the jurisdiction be
denied.  The trial court=s order also states that it Ais of the opinion that a Temporary
Injunction should be entered . . . .@  Templeton now brings this appeal of the trial
court=s order.

DISCUSSION

Jurisdiction

Under Texas
procedure, appeals are allowed only from final orders or judgments.  Jack B. Anglin Co. v. Tipps, 842
S.W.2d 266, 272 (Tex. 1992).  In
the absence of a statute authorizing jurisdiction, appellate courts do not have
jurisdiction to consider appeals from interlocutory orders.  Qwest Communications Corp. v. A.T.& T Corp., 24 S.W.3d 334, 336 (Tex. 2000); 








Jani-King of Memphis,
Inc. v. Yates, 965 S.W.2d 665, 666 (Tex.App.--Houston
[14th Dist.] 1998, no pet.).  In
Templeton=s
appellate brief, it asserts this Court has jurisdiction of this interlocutory
appeal pursuant to Texas Civil Practice and Remedies Code Section 51.014(a)(4), which allows an appeal from a interlocutory order
granting or refusing a temporary injunction. 
See Tex.Civ.Prac.&Rem.Code Ann. '
51.014(a)(4)(Vernon Supp. 2004).  In its
response brief, Bouche Trucking contends the trial
court did not enter a temporary injunction. 
Without a appealable
interlocutory order, Templeton=s
interlocutory appeal cannot be maintained. 
Therefore, our initial inquiry is whether the trial court granted a
temporary injunction in its order.

The preamble in
the trial court=s order
states the following:

Came on for
consideration both the verified Plea in Abatement and verified Application of
BOUCHE TRUCKING COMPANY, Plaintiff (ABOUCHE@) for a Temporary Restraining Order and
Injunction as well as TEMPLETON SOUTHWEST INSURANCE AGENCY, INC.=s (ATEMPLETON@) Motion to Reconsider the Court=s Order Denying Plea in
Abatement/Motion to Dismiss the above-styled matter, Motion to Transfer Venue,
and Plea to Jurisdiction and the Court having found that all requisites of law
have been met and satisfied by Plaintiff, is of the opinion that a Temporary
Injunction should be entered and TEMPLETON SOUTHWEST INSURANCE AGENCY, INC.=s Plea in Abatement, Motion to Transfer
Venue, and Plea to Jurisdiction should be in all things be DENIED.

 

The order of the trial court,
however, states: 

It is therefore, ORDERED that the
Judgment rendered in the Bexar County Suit is void and unenforceable.  It is further 

ORDERED
that Defendant=s Plea in
Abatement/Motion to Dismiss, Motion to Transfer Venue, and Plea to Jurisdiction
are, in all things DENIED.  It is
further 

ORDERED
that this cause shall proceed to trial in El Paso County, Texas.

 








The trial court=s order in this cause does not order a
temporary injunction against Templeton, though according to the preamble, it
was of the opinion that such an order should be entered.  For appeal purposes, classification of an
order as a temporary injunction is controlled by the character and function of
that order, not by its form.  Del Valle Indep. Sch. Dist. v.
Lopez, 845 S.W.2d 808, 809-10 (Tex. 1992).  The purpose of a temporary injunction is to
preserve the status quo of matters that are the subject of pending litigation
until a decision on the merits is reached. 
Walling v. Metcalfe, 863 S.W.2d 56, 57 (Tex. 1993).  A function of injunctive relief is to
restrain motion and to enforce inaction. 
Qwest Communications Corp., 24 S.W.3d at 336.  

Here, the May 12
Order does not seek to preserve the status quo nor does it purport to grant
injunctive relief pending a trial on the merits.  In addition, the May 12 Order does not follow
procedural requirements set out in Rules 683 and 684 of the Texas Rules of
Civil Procedure.  See Tex.R.Civ.P. 683 (requiring a
specific description of acts to be restrained), Tex.R.Civ.P. 684 (setting
of bond).  It is clear that the
trial court=s May 12
Order cannot be considered as an order granting a temporary injunction, in
either character or function.  Therefore,
we find it is not an appealable interlocutory order.

Accordingly, this
appeal is dismissed for want of jurisdiction.

 

 

November 20, 2003

DAVID WELLINGTON CHEW, Justice

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.











[1]
The Bexar County judgment signed September 2, 1999, states: 

 

The defendant, although duly and legally
cited to appear and answer, failed to appear and answer and wholly made
default.

Citation was served
according to law and returned to the clerk where it remained on file for the
time required by law.  A copy of the
return and citation is attached as Exhibit >A= and incorporated by reference for all
purposes.  

 

In the default judgment, the
Bexar County court awarded Templeton $19,718.16 plus prejudgment interest and
reasonable attorney=s fees
and expenses.