In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00049-CV

                                                ______________________________

 

 

                 DR. MARIE LANGHAM, INDEPENDENT
EXECUTRIX

OF THE ESTATE OF MARY
MARIE CARMICHAEL, DECEASED, Appellant

 

                                                                V.

 

                                  FREDERIC W. GEISENDORFF AND

WIFE, BILLIE G.
GEISENDORFF, Appellees

 

 

                                                                                                  


 

 

                                       On Appeal from the 294th
Judicial District Court

                                                         Van
Zandt County, Texas

                                                          Trial Court
No. 07-00002

 

                                                                                                  


 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                     MEMORANDUM 
OPINION

 

            Colonel
Kent Scott Coker and Dr. Marie Langham, Independent Executrix of the Estate of
Mary Marie Carmichael, deceased, have filed notices of appeal from a “final
judgment signed by the trial court on February 10, 2011.”[1]
 The notices of appeal were filed March
3, 2011, and thus would be timely from a judgment signed on that date. 

            The
underlying lawsuit was brought by Frederic W. Geisendorff and wife, Billie G. Geisendorff
against Coker, Gary Carmichael, and Langham. 
The lawsuit appears as a trespass-to-try-title action against Coker and
an action seeking a declaratory judgment against Carmichael and Langham to
declare the location of boundaries to the property and the ownership
thereof.  The jury found all issues in the
defendants’ favor; the verdict was filed March 5, 2010.  

            Coker
filed a motion for entry of judgment May 24, 2010.  A document entitled “Judgment” was ultimately
signed nearly nine months later on February 10, 2011.  On April 26, 2010 (well before the signing of
any judgment), the plaintiffs below (the Geisendorffs), filed a motion for
judgment notwithstanding the verdict and for a partial new trial on the
boundaries.  The judgment eventually
signed stated that the evidence was insufficient to support the verdict as to
the issues involving Coker, and rendered a judgment notwithstanding the verdict
in favor of the Geisendorffs against Coker. 
It addressed the Geisendorffs’ claims against Carmichael and Langham,
found that the evidence was insufficient, and ordered a new trial between the
Geisendorffs and defendants Carmichael and Langham.

            On
April 11, 2011, the trial court severed the portion of the case disposing of the
Geisendorffs’ claims against Coker from the portion of the case seeking
declaratory judgment against Langham and Carmichael and assigned that suit
against Langham and Carmichael a new cause number.  

            Although
the notices of appeal had been previously filed, the trial court severed the
case  while the trial court retained
plenary power over its judgment. 
Accordingly, two separate cases now exist where previously there was
only one when the notices of appeal were filed by the respective
appellants.  

            To
reflect this new state of affairs, this Court has by separate order severed the
appeal in our cause number 06-11-00040-CV into two appeals, retaining Coker’s
appeal under the current cause number, and assigning the appeal by Langham to
cause number 06-11-00049-CV.

            It
is apparent that the judgment signed February 11, 2011, is likewise now, by
virtue of the severance ordered by the trial court, itself also divided into
two portions––one granting a judgment notwithstanding the verdict to the Geisendorffs,
and appealed by Coker, and the second portion granting the Geisendorffs a new
trial as to Carmichael and Langham.   

            In
relation to this severed appeal, the Geisendorffs, as appellees, have filed a
motion asking this Court to dismiss Langham’s appeal for want of jurisdiction,
arguing that the document appealed from and the issues raised by Langham would
be from grants of a partial new trial to appellees—which is an unappealable
order.  

            The
procedure here was unorthodox, as a new trial generally is granted only after
there is a judgment rendered from which to grant the new trial.  However, it is axiomatic that a grant of a new
trial is not appealable.   

            An
order granting a new trial within the plenary power period of the trial court
is not subject to review either by direct appeal from that order, or from a
final judgment rendered after further proceedings in the trial court.  Cummins
v. Paisan Constr. Co., 682 S.W.2d
235, 236 (Tex. 1984); see also Wilkins v.
Methodist Health Care Sys., 160 S.W.3d 559, 563 (Tex. 2005).[2]  

            Further,
under the current state of the record, there is no final judgment between
Langham and the Geisendorffs from which an appeal (however pointless it would
be in light of the grant of a new trial) could be taken.[3]  

            We, therefore, dismiss for want of
jurisdiction the appeal in cause number 06-11-00049-CV, Langham v. Geisendorff.

 

 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          May 6, 2011

Date Decided:             May 9, 2011











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov’t Code Ann. § 73.001
(Vernon 2005).  We are unaware of any
conflict between precedent of the Twelfth Court of Appeals and that of this
Court on any relevant issue.  See Tex. R. App. P. 41.3.

 





[2]Appellant
argues that the order granting a new trial is void, which might subject it to
mandamus attack, but provides no authority supporting the argument.  

 





[3]A
party may normally appeal only from final orders or judgments.  Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001); In re Estate of Boren, 268
S.W.3d 841 (Tex. App.—Texarkana 2008, pet denied).  The Texas Legislature has, however,
authorized the appeal of several types of interlocutory orders, none of which
is at issue here.  See, e.g., Tex. Civ. Prac. & Rem. Code Ann. §
15.003 (Vernon Supp. 2010), § 51.014 (Vernon 2008), § 171.098 (Vernon 2011); Tex. Gov’t
Code Ann. § 1205.068 (Vernon 2000). 
It is fundamental error for an appellate court to assume jurisdiction
over an interlocutory appeal that is not expressly authorized by statute.  See New
York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 679 (Tex. 1990); Jani-King of Memphis, Inc. v. Yates, 965
S.W.2d 665, 666–67 (Tex. App.—Houston [14th Dist.] 1998, no pet.).