In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00049-CV

                                                ______________________________

 

 

          DR. MARIE LANGHAM, INDEPENDENT EXECUTRIX OF
THE 

ESTATE OF MARY MARIE
CARMICHAEL, DECEASED,

AND GARY CARMICHAEL,
Appellants

 

                                                                V.

 

                            FREDERIC W. GEISENDORFF AND WIFE, 

BILLIE G. GEISENDORFF,
Appellees

 

 

                                                                                                  


 

 

                                       On Appeal from the 294th
Judicial District Court

                                                         Van
Zandt County, Texas

                                                          Trial Court
No. 07-00002

 

                                                                                                  


 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            We withdraw
our opinion of May 9, 2011, dismissing the appeal of Marie Langham in our cause
number 06-11-00049-CV and issue this new opinion disposing of the appeal, to
which Gary Carmichael has now been added as an appellant.  We issue this new opinion because, after the
clerk’s record was filed and our opinion was issued, a co-defendant, Gary
Carmichael, chose to file his notice of appeal on the 89th day following the
signing of the judgment.  

            We have
reviewed the record and recognize that Carmichael is in precisely the same
position as Langham—attempting to appeal from the grant of a motion for new
trial.  We therefore file his notice of
appeal in cause number 06-11-00049-CV. 
We further recognize that counsel for Carmichael has been on the mailing
list for this appeal since its inception, and has thus been notified about each
action taken in this case.

            Colonel Kent
Scott Coker and Dr. Marie Langham, independent executrix of the Estate of Mary
Marie Carmichael, deceased, and Gary Carmichael have filed notices of appeal
from a “final judgment signed by the trial court on February 10, 2011.”[1]  The notices of appeal were filed March 3,
2011, and thus would be timely from a judgment signed on that date. 

            The
underlying lawsuit was brought by Frederic W. Geisendorff and wife, Billie G.
Geisendorff, against Coker, Carmichael, and Langham.  The lawsuit appears as a
trespass-to-try-title action against Coker and an action seeking a declaratory
judgment against Carmichael and Langham to declare the location of boundaries
to the property and the ownership thereof. 
The jury found all issues in the defendants’ favor; the verdict was
filed March 5, 2010.  

            Coker filed
a motion for entry of judgment May 24, 2010. 
A document entitled “Judgment” was ultimately signed nearly nine months
later on February 10, 2011.  On April 26,
2010 (well before the signing of any judgment), the plaintiffs below (the
Geisendorffs), filed a motion for judgment notwithstanding the verdict and for
a partial new trial on the boundaries. 
The judgment eventually signed stated that the evidence was insufficient
to support the verdict as to the issues involving Coker, and rendered a
judgment notwithstanding the verdict in favor of the Geisendorffs against
Coker.  It addressed the Geisendorffs’
claims against Carmichael and Langham, found that the evidence was
insufficient, and ordered a new trial between the Geisendorffs and defendants
Carmichael and Langham.

            On April 11,
2011, the trial court severed the portion of the case disposing of the
Geisendorffs’ claims against Coker from the portion of the case seeking
declaratory judgment against Langham and Carmichael and assigned that suit
against Langham and Carmichael a new cause number.  

            Although the
notices of appeal had been previously filed, the trial court severed the
case  while the trial court retained
plenary power over its judgment. 
Accordingly, two separate cases now exist where previously there was
only one when the notices of appeal were filed by the respective
appellants.  

            To reflect
this new state of affairs, this Court has by separate order severed the appeal
in our cause number 06-11-00040-CV into two appeals, retaining Coker’s appeal
under the current cause number, and assigning the appeal by Langham (to which
Carmichael has now been added as an appellant) to cause number 06-11-00049-CV.

            It is
apparent that the judgment signed February 11, 2011, is likewise now, by virtue
of the severance ordered by the trial court, itself also divided into two
portions––one granting a judgment notwithstanding the verdict to the
Geisendorffs, and appealed by Coker, and the second portion granting the
Geisendorffs a new trial as to Carmichael and Langham.   

            In relation
to this severed appeal, the Geisendorffs, as appellees, have filed a motion
asking this Court to dismiss Langham’s appeal for want of jurisdiction, arguing
that the document appealed from and the issues raised by Langham would be from
grants of a partial new trial to appellees—which is an unappealable order.  

            The
procedure here was unorthodox, as a new trial generally is granted only after
there is a judgment rendered from which to grant the new trial.  However, it is axiomatic that a grant of a
new trial is not appealable.   

            An
order granting a new trial within the plenary power period of the trial court
is not subject to review either by direct appeal from that order, or from a
final judgment rendered after further proceedings in the trial court.  Cummins
v. Paisan Constr. Co., 682 S.W.2d
235, 236 (Tex. 1984); see also Wilkins v.
Methodist Health Care Sys., 160 S.W.3d 559, 563 (Tex. 2005).[2]  

            Further,
under the current state of the record, there is no final judgment between
Langham and Carmichael and the Geisendorffs from which an appeal (however
pointless it would be in light of the grant of a new trial) could be taken.[3]  

            We,
therefore, dismiss for want of jurisdiction the appeal in cause number
06-11-00049-CV, Langham and Carmichael v.
Geisendorff.

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          May
6, 2011

Date Decided:             May
20, 2011

 

 

 

 











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov’t Code Ann. § 73.001
(Vernon 2005).  We are unaware of any
conflict between precedent of the Twelfth Court of Appeals and that of this
Court on any relevant issue.  See Tex. R. App. P. 41.3.

 





[2]Appellant
argues that the order granting a new trial is void, which might subject it to
mandamus attack, but provides no authority supporting the argument.  

 





[3]A
party may normally appeal only from final orders or judgments.  Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001); In re Estate of Boren, 268
S.W.3d 841 (Tex. App.—Texarkana 2008, pet denied).  The Texas Legislature has, however,
authorized the appeal of several types of interlocutory orders, none of which
is at issue here.  See, e.g., Tex. Civ. Prac. & Rem. Code Ann. §
15.003 (Vernon Supp. 2010), § 51.014 (Vernon 2008), § 171.098 (Vernon 2011); Tex. Gov’t
Code Ann. § 1205.068 (Vernon 2000). 
It is fundamental error for an appellate court to assume jurisdiction
over an interlocutory appeal that is not expressly authorized by statute.  See New
York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 679 (Tex. 1990); Jani-King of Memphis, Inc. v. Yates, 965
S.W.2d 665, 666–67 (Tex. App.—Houston [14th Dist.] 1998, no pet.).