

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-11-00049-CV
_____

DR. MARIE LANGHAM, INDEPENDENT EXECUTRIX OF THE
ESTATE OF MARY MARIE CARMICHAEL, DECEASED,
AND GARY CARMICHAEL, Appellants

V.

FREDERIC W. GEISENDORFF AND WIFE,
BILLIE G. GEISENDORFF, Appellees

On Appeal from the 294th Judicial District Court
Van Zandt County, Texas
Trial Court No. 07-00002

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

We withdraw our opinion of May 9, 2011, dismissing the appeal of Marie Langham in our cause number 06-11-00049-CV and issue this new opinion disposing of the appeal, to which Gary Carmichael has now been added as an appellant. We issue this new opinion because, after the clerk's record was filed and our opinion was issued, a co-defendant, Gary Carmichael, chose to file his notice of appeal on the 89th day following the signing of the judgment.

We have reviewed the record and recognize that Carmichael is in precisely the same position as Langham—attempting to appeal from the grant of a motion for new trial. We therefore file his notice of appeal in cause number 06-11-00049-CV. We further recognize that counsel for Carmichael has been on the mailing list for this appeal since its inception, and has thus been notified about each action taken in this case.

Colonel Kent Scott Coker and Dr. Marie Langham, independent executrix of the Estate of Mary Marie Carmichael, deceased, and Gary Carmichael have filed notices of appeal from a "final judgment signed by the trial court on February 10, 2011."[1] The notices of appeal were filed March 3, 2011, and thus would be timely from a judgment signed on that date.

The underlying lawsuit was brought by Frederic W. Geisendorff and wife, Billie G. Geisendorff, against Coker, Carmichael, and Langham. The lawsuit appears as a

---

[1] Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

2

trespass-to-try-title action against Coker and an action seeking a declaratory judgment against Carmichael and Langham to declare the location of boundaries to the property and the ownership thereof. The jury found all issues in the defendants' favor; the verdict was filed March 5, 2010.

Coker filed a motion for entry of judgment May 24, 2010. A document entitled "Judgment" was ultimately signed nearly nine months later on February 10, 2011. On April 26, 2010 (well before the signing of any judgment), the plaintiffs below (the Geisendorffs), filed a motion for judgment notwithstanding the verdict and for a partial new trial on the boundaries. The judgment eventually signed stated that the evidence was insufficient to support the verdict as to the issues involving Coker, and rendered a judgment notwithstanding the verdict in favor of the Geisendorffs against Coker. It addressed the Geisendorffs' claims against Carmichael and Langham, found that the evidence was insufficient, and ordered a new trial between the Geisendorffs and defendants Carmichael and Langham.

On April 11, 2011, the trial court severed the portion of the case disposing of the Geisendorffs' claims against Coker from the portion of the case seeking declaratory judgment against Langham and Carmichael and assigned that suit against Langham and Carmichael a new cause number.

Although the notices of appeal had been previously filed, the trial court severed the case while the trial court retained plenary power over its judgment. Accordingly, two separate cases now exist where previously there was only one when the notices of appeal were filed by the

3

respective appellants.

To reflect this new state of affairs, this Court has by separate order severed the appeal in our cause number 06-11-00040-CV into two appeals, retaining Coker's appeal under the current cause number, and assigning the appeal by Langham (to which Carmichael has now been added as an appellant) to cause number 06-11-00049-CV.

It is apparent that the judgment signed February 11, 2011, is likewise now, by virtue of the severance ordered by the trial court, itself also divided into two portions—one granting a judgment notwithstanding the verdict to the Geisendorffs, and appealed by Coker, and the second portion granting the Geisendorffs a new trial as to Carmichael and Langham.

In relation to this severed appeal, the Geisendorffs, as appellees, have filed a motion asking this Court to dismiss Langham's appeal for want of jurisdiction, arguing that the document appealed from and the issues raised by Langham would be from grants of a partial new trial to appellees—which is an unappealable order.

The procedure here was unorthodox, as a new trial generally is granted only after there is a judgment rendered from which to grant the new trial. However, it is axiomatic that a grant of a new trial is not appealable.

An order granting a new trial within the plenary power period of the trial court is not subject to review either by direct appeal from that order, or from a final judgment rendered after

further proceedings in the trial court. *Cummins v. Paisan Constr. Co.*, 682 S.W.2d 235, 236 (Tex. 1984); *see also Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005).[2]

Further, under the current state of the record, there is no final judgment between Langham and Carmichael and the Geisendorffs from which an appeal (however pointless it would be in light of the grant of a new trial) could be taken.[3]

We, therefore, dismiss for want of jurisdiction the appeal in cause number 06-11-00049-CV, *Langham and Carmichael v. Geisendorff*.

Jack Carter
Justice

Date Submitted:      May 6, 2011
Date Decided:       May 20, 2011

---

[2]Appellant argues that the order granting a new trial is void, which might subject it to mandamus attack, but provides no authority supporting the argument.

[3]A party may normally appeal only from final orders or judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *In re Estate of Boren*, 268 S.W.3d 841 (Tex. App.—Texarkana 2008, pet denied). The Texas Legislature has, however, authorized the appeal of several types of interlocutory orders, none of which is at issue here. *See*, *e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 15.003 (Vernon Supp. 2010), § 51.014 (Vernon 2008), § 171.098 (Vernon 2011); TEX. GOV'T CODE ANN. § 1205.068 (Vernon 2000). It is fundamental error for an appellate court to assume jurisdiction over an interlocutory appeal that is not expressly authorized by statute. *See New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 679 (Tex. 1990); *Jani-King of Memphis, Inc. v. Yates*, 965 S.W.2d 665, 666–67 (Tex. App.—Houston [14th Dist.] 1998, no pet.).

5