

NUMBER 13-11-00594-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **MELDEN & HUNT, INC.,** | **Appellant,** |

v.

| | |
|---|---|
| **ALBERTO R. GARZA AND LETICIA I. GARZA, INDIVIDUALLY AND AS NEXT FRIENDS OF ALEXANDRA I. GARZA AND KASSANDRA R. GARZA,** | **Appellees.** |

**On appeal from the 92nd District Court of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez, and Justices Benavides, and Perkes
Memorandum Opinion by Justice Perkes**

Melden & Hunt, Inc., a surveying and engineering firm, appeals from a trial court

order denying its motion to dismiss pursuant to section 150.002 of the Texas Civil

Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §150.002 (West 2003). By three issues, Melden & Hunt argues: (1) the trial court abused its discretion in denying the motion to dismiss because the affiant did not practice in the same area of practice as Melden & Hunt and the certificate of merit was untimely filed; (2) statements made in Melden & Hunt's summary judgment motion on statutes of repose and limitations were not judicial admissions with respect to the date the Garzas' causes of action accrued; and (3) the Garzas were not entitled to a good-cause extension under §150.002 of the Texas Civil Practice and Remedies Code. We dismiss this interlocutory appeal for lack of jurisdiction.

## I. BACKGROUND

Alberto and Leticia Garza, individually and as next friends of Alexandra I. Garza and Kassandra R. Garza ("the Garzas"), filed suit against Melden & Hunt and Gary Burch d/b/a/ Burch Construction, Inc. on April 22, 2008, urging that Melden & Hunt had negligently prepared the survey of their home in the Chateau Estates subdivision and negligently furnished and finished the floor elevation of their home, causing the home to flood several times in 2007. The Garzas claimed a total loss in value to their home, mold issues, and associated health problems. On December 4, 2008, the Garzas filed a certificate of merit that had been prepared by Gerard H. Duhon, who stated that he practiced in the same engineering field as Melden & Hunt. Duhon opined that Melden & Hunt failed to direct surface drainage from surrounding properties away from the Garzas' home and failed to provide for drainage of water from the home.

2

On June 1, 2010, Melden & Hunt filed a motion to dismiss, stating that the certificate of merit did not comply with section 150.002 of the Texas Civil Practice and Remedies Code. *See id.* § 150.002. Melden & Hunt later supplemented its motion to dismiss, urging that the certificate of merit was also untimely filed.

Melden & Hunt had previously filed a traditional and no-evidence motion for summary judgment on grounds that the claims were barred by statutes of repose and limitations because at least ten years had elapsed since the completion of the survey work on Chateau Estates. The trial court denied the motion for summary judgment, which is not before us in this appeal. The trial court also held a hearing on the motion to dismiss and denied it. This appeal ensued.

## II. APPELLATE JURISDICTION

Melden & Hunt seeks to appeal from an interlocutory order; however, interlocutory orders are not appealable unless explicitly made so by statute. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998); *see also Hughes v. Bay Area Montessori House, Inc.*, No. 14-09-00410-CV, 2010 WL 862861, at *1 (Tex. App.—Houston [14th Dist.] March 11, 2010, no pet.) (mem. op.). Appellate courts are obligated to review *sua sponte* issues affecting their own jurisdiction. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004); *see also Garcia v. State Farm Lloyds*, 287 S.W.3d 809, 812 (Tex. App.—Corpus Christi 2009, pet. denied). When construing a statute that establishes appellate jurisdiction, this court cannot expand its jurisdiction beyond that conferred by the legislature. *Jani-King of Memphis, Inc. v. Yates*, 965 S.W.2d 665, 668 (Tex. App.—Houston [14th Dist.] 1998, no pet.); *see also Hughes*, 2010 WL 862861, at *1.

3

Chapter 150 of the Texas Civil Practice and Remedies Code is the only statute that might provide Melden & Hunt with an interlocutory appeal in this case. However, the original version of this statute did not provide for an interlocutory appeal from a trial court's denial of a motion to dismiss for failure to comply with Chapter 150. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 20.01, 2003 Tex. Gen. Laws 847, 896–97 (amended 2005, 2009); *see also Hughes*, 2010 WL 862861, at *1. The 2009 amendments to Chapter 150 apply "only to an action or arbitration filed or commenced on or after the effective date of this Act [September 1, 2009]." Act of May 29, 2009, 81st Leg., R.S., ch. 789, §§ 3, 4, 2009 Tex. Sess. Law Serv., ch. 789 (S.B.1201); *see also Hughes*, 2010 WL 862861, at *1. The action in this case was filed before September 1, 2009. The 2005 amendments to Chapter 150 that provide for an interlocutory appeal apply "only to a cause of action that accrues on or after the effective date of this Act [September 1, 2005]." Act of May 18, 2005, 79th Leg., R.S., §§ 4, 5 ch. 208, 2005 Tex. Gen. Laws 369, 370; *see also Hughes*, 2010 WL 862861, at *1. Therefore, we have appellate jurisdiction in this case only if the Garzas' cause of action accrued on or after September 1, 2005.

### III. ACCRUAL OF CAUSE OF ACTION

The determination of when a cause of action accrues is a legal question. *See Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990). Generally, a cause of action accrues and the statute of limitations begins to run when facts come into existence that authorize a claimant to seek a judicial remedy. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003); *see also Hughes*, 2010 WL 862861, at *2 (citing *Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 120 (Tex. 2001)). This principle applies even

4

if all resulting damages have not yet occurred. *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996); *see also Hughes*, 2010 WL 862861, at *2. In cases involving allegedly faulty professional advice, the claimant suffers legal injury when the advice is taken. *Murphy v. Campbell*, 964 S.W.2d 265, 270 (Tex. 1997).

Presuming, for the sake of argument only, that the discovery rule applies, then the Garzas' cause of action accrued when they knew or in the exercise of ordinary diligence should have known of Melden & Hunt's alleged negligence and the alleged injury resulting therefrom. *See id.* at 271. The undisputed evidence shows that before September 1, 2005, all of the following occurred: (1) Melden & Hunt completed its survey, supervision, and any grading work for the home; (2) Alberto Garza purchased the home from the builder in November 1998; (3) according to Alberto Garza's sworn testimony, in the summer of 1999 or 2000, the Garzas experienced "ponding" in their backyard that prompted Alberto to call the builder and to "plead" with the builder "for assistance with the ponding;" (4) the Garzas' former neighbor, Rosendo Hinojosa, testified at his deposition that prior to December 2004, Alberto Garza complained to him about water from the backyard coming inside the home and flooding the family room; and (5) prior to March 2005, Hinojosa witnessed Alberto building a "berm" around his house 'to prevent another flooding incident.' Therefore, we conclude that the Garzas cause of action accrued before September 1, 2005. *See Hughes*, 2010 WL 862861, at *2.

## IV. CONCLUSION

Even if the discovery rule applies, the Garzas' cause of action accrued before September 1, 2005. Because the cause of action accrued before September 1, 2005,

5

the version of Chapter 150 effective before this date applies to this case. *See* Act of May 18, 2005, 79th Leg., R.S., §§ 4, 5, ch. 208, 2005 Tex. Gen. Laws 369, 370. That version does not provide for an interlocutory appeal from the denial of a motion to dismiss under Chapter 150. *See* Act of 2003, 78th Leg. R.S., ch. 204, § 20.01, 2003 Tex. Gen. Laws 896, 897 (amended 2005, 2009); *see also Hughes*, 2010 WL 862861, at *2. Accordingly, we lack appellate jurisdiction, and we dismiss this appeal.

GREGORY T. PERKES
Justice

Delivered and filed the
11th day of July, 2013.