**Mitchell Lee CUMMINS, Petitioner,**

v.

**PAISAN CONSTRUCTION COMPANY, Respondent.**

No. C–3070.

Supreme Court of Texas.

Sept. 19, 1984.

Krist, Gunn, Weller, Neumann & Morrison, Richard Morrison and Ronald D. Krist, Houston, for petitioner.

Hirsch, Glover, Robinson & Sheiness, Marc A. Sheiness, Houston, for respondent.

PER CURIAM.

Mitchell Lee Cummins seeks review of a trial court's order setting aside a default judgment against Paisan Construction Company in a personal injury suit. The trial court granted Cummins a default judgment against Paisan on December 30, 1981. Paisan moved to set aside the default judgment and for a new trial. On January 26, 1982, within thirty days of the date of judgment, the trial court granted Paisan's motions. At the new trial the court rendered judgment for Paisan on the basis of jury findings.

Cummins appealed the trial court's granting of a new trial, alleging Paisan had not proved that service of citation on it was legally deficient. The court of appeals determined that Paisan had produced sufficient evidence at the hearing on Paisan's motions to justify the trial court's actions and affirmed the judgement. 682 S.W.2d 323. Cummins asks this court to reverse the court of appeals, set aside the trial court's final judgment on the jury findings, and reinstate the default judgment. We refuse Cummins' application for writ of error, no reversible error.

The court of appeals based its affirmance on the sufficiency of evidence produced at the evidentiary hearing on motion for new trial. It was unnecessary for the appellate court to examine this question, because in this case the trial court's order setting

<br>

aside the default judgment and granting the motion for new trial is not reviewable on appeal. The motion for new trial was timely filed and the court granted the motion during its period of plenary power over the judgment. Rule 329b, Tex.R.Civ.P. "An order granting a new trial within that period is not subject to review either by direct appeal from that order, or from a final judgment rendered after further proceedings in the trial court [citations omitted]." *Burroughs v. Leslie,* 620 S.W.2d 643, 644 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). While the court of appeals, in affirming the trial court, employed incorrect reasoning, it nevertheless reached the correct result. Accordingly, we reject Cummins' challenge of the trial court's grant of a new trial and refuse the application for writ of error, no reversible error.