James O. VANDEHAAR, Appellant,

v.

ALC FINANCIAL CORPORATION, Appellee.

No. 09–99–080CV.

Court of Appeals of Texas, Beaumont.

Submitted Feb. 17, 2000.

Decided Aug. 31, 2000.

408

Donald A. Ferrill, Brown Thompson Pruitt & Peterson, P.C., Fort Worth, for appellant.

Larry C. Morris, Houston, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

RONALD L. WALKER, Chief Justice.

James O. Vandehaar appeals the granting of summary judgment in favor of ALC Financial Corporation, the defendant in this bill of review proceeding. The appeal presents three points of error.

On July 18, 1980, in Harris County, Texas, James O. Vandehaar signed a Continuing Guaranty that contained a Minnesota choice-of-law and choice-of-forum clause. ALC sued on the guaranty in a Minnesota court, and, on July 27, 1987, served citation on Vandehaar by certified mail at an address in Irving, Texas. ALC contends its manner of service complied with Minnesota law. *See* MINN. R. CIV. P. 4.05.[1] The manner of service was not consistent with

Texas's requirements for service of citation. *See* TEX.R. CIV. P. 103. Vandehaar did not answer the suit. On January 31, 1989, ALC took a default judgment against Vandehaar for approximately $28,000.

On May 3, 1989, ALC filed suit for domestication of the foreign judgment in County Court at Law No. 1, Jefferson County, Texas, in Cause No. 60409. The affidavit stated Vandehaar's last known address was 3100 Broadway Blvd., Houston, Texas. Vandehaar did not file a timely answer.

Meanwhile, ALC filed another suit in Minnesota, relying upon the same Continuing Guaranty. Vandehaar challenged personal jurisdiction on *forum non conveniens* grounds. The District Court found the guaranty agreement's forum selection clause to be unreasonable and dismissed that suit for lack of personal jurisdiction. *ALC Financial Corp. v. Crutchfield Appliance Sales, et al.,* No. CX–91–12468 (2nd Dist. Ct., Ramsey County, Minn. April 30, 1992).

Vandehaar contends he received actual notice that a judgment had been taken against him on May 16, 1994, through correspondence to another address in Irving, Texas.

Vandehaar filed this bill of review on May 1, 1997. ALC filed an answer which raised the affirmative defense of laches, but failed to appear for trial and, on October 6, 1997, the trial court entered default judgment in favor of Vandehaar on his bill of review. On November 3, 1997, ALC simultaneously filed a motion for new trial and a motion for summary judgment. The trial court granted the motion for new trial on November 20, 1997. Vandehaar responded to the motion for summary judgment. The trial court granted ALC's summary judgment motion and entered a take-nothing judgment against Vandehaar on November 25, 1998.

Point of error one states, "Summary judgment for Appellee was improper be-

1. We express no opinion on the validity of the manner of service under Minnesota law.

cause Appellee failed to prove his affirmative defense of laches as a matter of law and because Appellant Vandehaar successfully met his burdens under Tex.R. Civ. P. 166a(i) including directing the court to evidence that raises a fact issue on the challenged elements."

A motion for summary judgment based upon the movant's affirmative defense is reviewed on the traditional summary judgment standard. *Quanaim v. Frasco Restaurant & Catering,* 17 S.W.3d 30, 41 (Tex. App.—Houston [14th Dist.] 2000, pet. filed). The movant must conclusively prove all essential elements of that defense; on appellate review of the summary judgment, we take as true all evidence favorable to the non-movant, and we make all reasonable inferences in the non-movant's favor; if the summary judgment motion and proof facially establish the movant's right to judgment as a matter of law, the burden shifts to the non-movant to raise a material fact issue sufficient to defeat summary judgment. *Id.* at 41–42.

 Vandehaar filed his bill of review eight years after ALC obtained the Minnesota judgment and domesticated it in Texas, but only three years from the date he discovered their existence. ALC does not claim Vandehaar's bill is barred by limitations.[2] Claims not barred by limitations may, however, be barred by laches. A party relying upon the affirmative defense of laches must establish both an unreasonable delay by one having legal or equitable rights in asserting them; and a good faith change of position by another to its detriment because of the delay. *See Caldwell v. Barnes,* 975 S.W.2d 535, 538 (Tex.1998). As the summary judgment movant, ALC must establish both unreasonable delay and detrimental reliance as a matter of law.

 The initial five-year delay in filing the bill of review is explained by Vandeh-

aar's ignorance of the existence of the judgment. Vandehaar testified that he never received any notice that a default judgment had been taken against him, and no one ever served him with any notice that a default judgment had been filed in Texas. ALC's 1987 certified letter informed Vandehaar that ALC was asserting a claim on the guaranty he had signed. Notably absent from the record is any evidence that two years later Vandehaar had actual notice either that a judgment was taken against him or that the judgment was domesticated in Texas. The certificate of last known address that ALC filed with the Texas court contains a Houston address that Vandehaar swears has never been either his home or business address. ALC has not shown that mail sent to this address would be reasonably likely to come to Vandehaar's attention.

ALC argues Vandehaar was negligent in not attacking the judgment sooner, when he admittedly knew of its existence in May 1994. Although Vandehaar's response to the motion for summary judgment does not explain what actions he took between May 1994 and May 1997, all ALC offered in its motion was a conclusory statement of opinion in the affidavit from their counsel. ALC does not explain why a three-year delay is unreasonable as a matter of law. More importantly, both in its motion for summary judgment and in its brief, ALC failed to provide evidence supporting the second element of laches: detrimental reliance. We hold ALC failed to establish its affirmative defense of laches as a matter of law.

 .ALC's motion for summary judgment also alleged there is no evidence supporting the meritorious defense element of Vandehaar's bill of review. In a "no evidence" summary judgment appeal, we must review the evidence in the light

---

**2.** The four-year residual statute of limitations governs bills of review. *Caldwell,* 975 S.W.2d at 535; TEX. CIV. PRAC. & REM.CODE ANN. § 16.051 (Vernon 1997). The discovery rule applies to bills of review that are based upon extrinsic fraud. *Defee v. Defee,* 966 S.W.2d 719, 722 (Tex.App.—San Antonio 1998, no pet.).

most favorable to the non-movant, disregarding all contrary evidence and inferences; the summary judgment is improperly granted if the non-movant counters with more than a scintilla of probative evidence to raise a genuine issue of material fact. *Lampasas v. Spring Center, Inc.,* 988 S.W.2d 428, 432 (Tex.App.—Houston [14th Dist.] 1999, no pet.). We find in the summary judgment record testimony by Vandehaar that he had no notice of the filing of the Minnesota judgment in the State of Texas and that the address ALC certified to the court to be his last known address was never his address. Thus, he raised more than a scintilla of evidence that ALC failed to comply with the statutory requirements for domesticating a foreign judgment. Tex. Civ. Prac. & Rem.Code Ann. §§ 35.004, 35.005 (Vernon 1997). Point of error one is sustained.

■ Point of error two urges, "Ultimately, the default judgment taken in the underlying Minnesota lawsuit can never be given full faith and credit in Texas because it is void for lack of the Minnesota court's personal jurisdiction over Appellant." The key word here is "ultimately." Vandehaar did not file a cross-motion for summary judgment. *See CU Lloyd's of Tex. v. Feldman,* 977 S.W.2d 568, 569 (Tex.1998).

Having found the existence of material issues of fact precluding summary judgment, we cannot render judgment to the non-movant. Point of error two is overruled.

■ Point of error three contends, "The granting of Appellee's Motion for New Trial was an abuse of discretion because Appellee failed to present evidence which proved prima facie that it had a meritorious defense." A motion for new trial, timely filed and granted during the trial court's period of plenary power, is not subject to review either by direct appeal from that order or from a final judgment rendered after further proceedings in the trial court. *See Cummins v. Paisan Const. Co.,* 682 S.W.2d 235, 236 (Tex.1984). Point of error three is overruled.

Material fact issues preclude summary judgment. We reverse the judgment and remand the cause for trial.

REVERSED AND REMANDED.