Affirmed and Opinion filed _____________, 2002















Affirmed and Opinion
filed March 13, 2003.                                                    

 

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-01114-CV

____________

 

SAMUEL McCLURE MANSELL, Appellant

 

V.

 

VILLA DEL
REY REALTY, INCORPORATED, Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the 133rd District Court

                                                           Harris
 County, Texas                       

Trial Court Cause
No. 95-29937




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M E M O R
A N D U M   O P I N I O N

            Samuel Mansell
appeals from an adverse judgment in his lawsuit against Villa Del Rey Realty.  The
parties are familiar with the facts and procedural background of this case, so
we will not recount them here.  Because
all dispositive issues are clearly settled in law, we
issue this memorandum opinion.  See
Tex. R. App. P. 47.1.  We affirm. 


            In his first issue, Mansell contends that the trial court erred in granting a
new trial after he received a post-answer default judgment against Villa Del Rey.  However, a new
trial granted during the trial court’s plenary power cannot be appealed, either
from that order or from a final judgment rendered after further proceedings in
the trial court.  Cummins v. Paisan Constr.
Co., 682 S.W.2d 235, 236 (Tex.
1984); Sommers v. Concepcion,
20 S.W.3d 27, 36 (Tex. App.—Houston
[14th Dist.] 2000, pet. denied).  Mansell does not claim the new trial was granted outside
the court’s plenary power.  See generally Tex. R. Civ. P. 329 (stating rules regarding plenary
power).  Accordingly, we overrule Mansell’s first issue.

            In his second and third issues, Mansell contends the trial court erred in admitting
testimony from two defense witnesses when, among other things, the witnesses
were not sufficiently forthcoming in depositions.  He further alleges that one of the witnesses
was permitted to testify as an expert despite having not been designated as
such and having expressly denied being an expert at his deposition.  As Mansell
acknowledges in his brief, this Court cannot review claims regarding trial
testimony in the absence of a reporter’s record.  See
Tex. R. App. P. 36.3 (stating if
no reporter’s record is filed due to appellant’s fault, court may consider
issues not requiring a record for decision); In re Marriage of Spiegel, 6 S.W.3d 643, 646 (Tex. App.—Tyler 1999,
no pet.) (holding appellant’s failure to secure reporter’s record authorized
court to forego review of dispute).  Despite repeated extensions of time and
warnings from this Court, Mansell failed to secure a
reporter’s record in this case.[1]  Accordingly, we must summarily overrule Mansell’s second and third issues.

            The judgment of the trial court is
affirmed.

                                                                                                                                                                                                                                                /s/        Scott Brister

                                                                        Chief
Justice

 

Judgment
rendered and Opinion filed March 13,
 2003.

Panel
consists of Chief Justice Brister and Justices Fowler
and Edelman.











[1] To
ensure the filing of a reporter’s record, an appellant must (1) file a notice
of appeal; (2) request that the reporter’s record be prepared; and (3) pay the
reporter’s fee or make arrangements with the reporter to pay the fee.  Tex.
R. App. P. 35.3(b).  Mansell acknowledges that he never paid or made
arrangements to pay the reporter’s fee. 
He sought and was denied indigent status in the trial court.  In an earlier order, we affirmed this
decision, finding the trial court did not abuse its discretion.