NUMBER 13-03-562-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

ANDY’S MARINE, INC.,                                                    Appellant,

v.

MORSE CONTROLS LIMITED (U.K.) AND MORSE 
CONTROLS DIVISION OF IMO INDUSTRIES, INC.,                Appellees.
___________________________________________________________________

On appeal from the 370th District Court
of Hidalgo County, Texas.
__________________________________________________________________

MEMORANDUM OPINION ON MOTION FOR REHEARING

Before Justices Yañez, Rodriguez, and Castillo
              Per Curiam Memorandum Opinion on Motion for Rehearing



         Appellees, Morse Controls Limited (U.K.) and Morse Controls Division of IMO
Industries, Inc. (“Morse”), filed a motion for rehearing raising seventeen separate
issues on June 3, 2004. We deny the motion for rehearing, but withdraw our previous
opinion and substitute this opinion in its place to address some of the motion’s
questions regarding the legal and factual basis for our opinion.
         On August 6, 2003, Andy’s Marine, Inc. (“Andy’s Marine”) filed its notice of
appeal from a trial court judgment following a jury verdict in a personal injury lawsuit. 
 On March 31, 2004, Andy’s Marine filed a “Notice of Voluntary Dismissal of Appeal.” 
According to this notice, the dismissal of the appeal would not prevent any other party
from seeking any relief to which it would otherwise be entitled; however, it would be
a “partial” disposition under appellate rule 42.1(b) because “there are issues remaining
between other parties to this appeal.” See Tex. R. App. P. 42.1(b). According to the
notice and subsequent briefing provided by Morse, Morse opposes dismissal of the
appeal.
         As an initial matter, the record shows that Andy’s Marine is the only party that
filed a notice of appeal. Morse did not perfect appeal. A party who seeks to alter the
trial court’s judgment or other appealable order must file a notice of appeal. See Tex.
R. App. P. 25.1(c). Therefore, we note that, to the extent that Morse may be seeking
to alter the trial court’s judgment, it was required to file a notice of appeal.
         The filing of a notice of appeal by any party invokes the appellate court’s
jurisdiction over all parties to the trial court’s judgment or order appealed from. See
Tex. R. App. P. 25.1. Therefore, in accordance with a motion filed by an appellant, the
appellate court may dismiss an appeal “unless disposition would prevent a party from
seeking relief to which it would otherwise be entitled.” See Tex. R. App. P. 42.1(a)(1). 
         Morse opposes dismissal of this appeal because it contends that this Court has
a duty to determine the validity of a September 4, 2003, order granting a new trial in
favor of the Salazars, plaintiffs below. According to Morse, this issue is necessary to
final disposition of this appeal. Morse contends that the new trial order is void or
invalid because, inter alia: (1) the motions for new trial were not signed by the parties
or their “lawful attorney in charge;” (2) the deadlines for the calculation of plenary
power should run from the final judgment entered on April 8, 2003 instead of a
corrected final judgment entered on May 7, 2003; (3) post-verdict counsel failed to
pay required fees for the motions for new trial; and (4) the district court failed to state
on the record its rationale for granting a new trial. Morse’s request that we determine
the validity of the order granting a new trial would require us to exceed the established
bounds of our appellate jurisdiction.
         An order granting a new trial is an interlocutory order that is not subject to
review on direct appeal from that order or from a final judgment rendered after further
proceedings in that court. Fruehauf Corp. v. Carrillo, 848 S.W.2d 83, 84 (Tex. 1993)
(per curiam); Cummins v. Paisan Constr. Co., 682 S.W.2d 235, 235-36 (Tex. 1984)
(per curiam); Bay, Inc. v. Ramos, 139 S.W.3d 322, 331 (Tex. App.–San Antonio
2004, pet. filed); Volkswagen of Am., Inc. v. Ramirez, 79 S.W.3d 113, 128 (Tex.
App.–Corpus Christi 2002, pet. granted); Otis Spunkmeyer, Inc. v. Blakely, 30 S.W.3d
678, 683 (Tex. App.–Dallas 2000, no pet.); Vandehaar v. ALC Fin. Corp., 25 S.W.3d
406, 410 (Tex. App.–Beaumont 2000, pet. denied); Dillard v. Leonard, 801 S.W.2d
23, 25 (Tex. App.–San Antonio 1990, no writ); see also In re Bayerische Motoren
Werke, AG, 8 S.W.3d 326, 328 (Tex. 2000) (Hecht, J. dissenting). Instead, under
limited circumstances, orders granting motions for new trial may be subject to review
by mandamus. See, e.g., In re Dickason, 987 S.W.2d 570, 571 (Tex. 1998)
(mandamus granted to set aside void order setting aside new trial after loss of plenary
power); Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 918 (Tex. 1985)
(mandamus granted where order granting new trial incorrectly states jury’s answers
are in fatal conflict). Accordingly, Morse is not entitled to the relief it seeks in this
appeal. See Tex. R. App. P. 42.1(a)(1). 
         Nevertheless, Morse vociferously encourages us to consider this issue in this
appeal in the interests of judicial economy and efficiency. However, the subject matter
that Morse wishes addressed is not in the nature of an appealable interlocutory order.



Our ruling would amount to no more than an advisory opinion. We are prohibited from
issuing an advisory opinion, the distinctive feature of which is that it decides an
abstract question of law without binding the parties. Valley Baptist Med. Ctr. v.
Gonzalez, 33 S.W.3d 821, 822 (Tex. 2000) (per curiam); Tex. Ass'n of Bus. v. Tex.
Air Control Bd., 852 S.W.2d 440, 444 (Tex. 1993); see Tex. Const. art. II, § 1. 
         We take no position in this appeal on the validity or invalidity of the order
granting new trial.


 Contrary to Morse’s arguments, we do not have a duty to do so,
and we are instead affirmatively prohibited from reaching this issue. 
         We need not address the remainder of Morse’s issues on rehearing. Morse did
not appeal the judgment or other appealable order, and the issues Morse raises are not
necessary to final disposition of this appeal. See Tex. R. App. P. 25.1(c); Tex. R. App.
P. 47.1. Thus, in accordance with the motion to dismiss filed by Andy’s Marine, we
dismiss this appeal. See Tex. R. App. P. 42.1(a)(1). 
                                                                                                
                                                                                 PER CURIAM

Memorandum Opinion on Motion for Rehearing
delivered and filed this 4th day of November, 2004.