Petition for Writ of Mandamus Conditionally Granted and Memorandum
Opinion filed May 9, 2006












 

Petition for Writ of Mandamus Conditionally Granted
and Memorandum Opinion filed May 9, 2006.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-06-00244-CV

____________

 

IN RE MARY L. HALL, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF MANDAMUS

 



 

  M E M O R A N D U
M   O P I N I O N

In this original proceeding, relator, Mary L.
Hall, seeks a writ of mandamus ordering the respondent, the Honorable Lonnie
Cox, presiding judge of the 56th Judicial District Court of Galveston County,
to vacate his order granting a new trial on the issue of whether the real party
in interest is entitled to damages.  We
conditionally grant the writ.








In the underlying lawsuit, relator sued the real party in
interest, Simon Resort Development, Inc., for breach of contract.  The real party in interest filed a
counterclaim and the case went to trial. 
The jury found in favor of relator and awarded damages.  Six days later, the real party in interest
filed a AMotion for Post-Verdict Trial
Amendment for Quantum Meruit Claim,@ which asked the trial court to grant
a new trial on the issue of whether the real party in interest was entitled to
quantum meruit damages.  Six months
later, the trial court entered the judgment and ordered a new trial on the
issue of whether the real party was entitled to damages. 

Mandamus relief is available if the trial court abuses its
discretion, either in resolving factual issues or in determining legal
principles when there is no other adequate remedy by law.  See Walker v. Packer, 827 S.W.2d 833,
839-40 (Tex. 1992).  A trial court abuses
its discretion if Ait reaches a decision so arbitrary and unreasonable as to
amount to a clear and prejudicial error of law.@ 
Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917
(Tex.1985).  When alleging that a trial
court abused its discretion in its resolution of factual issues, the party must
show the trial court could reasonably have reached only one decision. Id.
at 918.  As to the determination of legal
principles, an abuse of discretion occurs if the trial court clearly fails to
analyze or apply the law correctly.  See
Walker, 827 S.W.2d at 840. 

In determining whether the writ should issue, we must further
determine whether the party has an adequate remedy by appeal.  Id. 
Mandamus is intended to be an extraordinary remedy, only available in
limited circumstances Ainvolving manifest and urgent necessity and not for
grievances that may be addressed by other remedies.@ 
Holloway v. Fifth Court of Appeals, 767 S.W.2d 680, 684 (Tex. 1989). 

In
the present case, the real party in interest did not plead quantum meruit
damages as a theory of recovery as is required by Texas Rule of Civil Procedure
47(c); nor did the real party in interest file its trial amendment before the
case was submitted to the jury as mandated by Texas Rule of Civil Procedure
67.  Therefore, the trial court abused
its discretion in granting a new trial, on a theory that was not pled and
pursuant to a trial amendment urged after the jury=s verdict, because it failed to
analyze or apply the law correctly.  See
Walker, 827 S.W.2d at 840.  

 








[wmf1] Having
found the trial court abused its discretion, we turn to the question of whether
relator has an adequate remedy by appeal. 
We determine that she does not because an order granting a new trial
during the court=s plenary power, as is the case here, is not appealable.  Cummins v. Paisan Const. Co., 682
S.W.2d 235, 236 (Tex. 1984).

For
the foregoing reasons, relator is entitled to mandamus relief compelling the
respondent to vacate his order granting a new trial on the issue of whether the
real party in interest is entitled to damages. 
We are confident Judge Cox will vacate his order of January 23, 2006,
granting a new trial.  Our writ of mandamus
will issue only in the event he fails to comply.                          

 

PER CURIAM

 

Petition
Conditionally Granted and Memorandum Opinion filed May 9, 2006.

Panel consists of
Justices Hudson, Fowler, and Seymore.

Justice Fowler
dissents without opinion.













 [wmf1]