NUMBER 13-05-084-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


TEXASONE COMMUNITY CREDIT UNION

F/K/A CAMERON CREDIT UNION, Appellant,


v.
 


PATRICIA D. HARRIS, Appellee.

 


On appeal from the County Civil Court at Law No. 2 


of Harris County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Benavides


Memorandum Opinion Per Curiam





 



 This is a consumer debt collection case. Plaintiff below, Texasone Community
Credit Union f/k/a Cameron Credit Union ("Texasone"), received a final summary
judgment in its favor against Patricia D. Harris. The trial court subsequently granted
Harris's motion for new trial. Harris then moved for and received a final summary
judgment. Texasone now attempts to appeal the final summary judgment rendered in
Harris's favor. In its sole issue, Texasone contends that the trial court abused its
discretion by granting Harris's motion for new trial.

 "[E]xcept in very limited circumstances, an order granting a motion for new trial
rendered within the period of the trial court's plenary power is not reviewable on
appeal." Wilkins v. Methodist Health Care Sys., 160 S.W.3d 559, 563 (Tex. 2005). 
In the instant case, the trial court's order granting Harris's motion for new trial was
rendered within the period of the trial court's plenary power. 

 There are only two recognized instances in which a trial court has been directed
to set aside an order granting a new trial: (1) when the order was wholly void because
it was not entered in the term in which the trial was conducted; and (2) when the trial
court specified in its written order that its sole ground for granting the motion was that
the jury's answers to special issues were conflicting. See id.; Johnson v. Fourth Court
of Appeals, 700 S.W.2d 916, 918 (Tex. 1985). Neither of these situations exists here.

 An order granting a new trial is an unappealable, interlocutory order. Fruehauf
Corp. v. Carrillo, 848 S.W.2d 83, 84 (Tex. 1993) (per curiam). An order granting a
new trial is not subject to review either by direct appeal from that order, or, as in the
instant case, from a final judgment rendered after further proceedings in the trial court. 
Cummins v. Paisan Constr. Co., 682 S.W.2d 235, 235-36 (Tex. 1984) (per curiam);
Bay, Inc. v. Ramos, 139 S.W.3d 322, 331 (Tex. App.-San Antonio 2004, pet. denied);
Otis Spunkmeyer, Inc. v. Blakely, 30 S.W.3d 678, 683 (Tex. App.-Dallas 2000, no
pet.); Vandehaar v. ALC Fin. Corp., 25 S.W.3d 406, 410 (Tex. App.-Beaumont 2000,
pet. denied); see also In re Bayerische Motoren Werke, AG, 8 S.W.3d 326, 328 (Tex.
2000) (Hecht, J. dissenting).

 Accordingly, this appeal is ordered DISMISSED FOR WANT OF JURISDICTION.
See Tex. R. App. P. 42.3(a), 43.2(f); Cummins, 682 S.W.2d at 235-36. 

 PER CURIAM


 Memorandum Opinion delivered and 

 filed this 26th day of April, 2007.