Affirmed and Memorandum Opinion filed July 8, 2010

 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-08-00811-CV



 

Terryl Rebector, Appellant

V.

Angleton Danbury Hospital
District d/b/a Angleton Danbury Medical Center, Appellee

 



On Appeal from the 412th District
Court

Brazoria County, Texas

Trial Court Cause No. 42006



 

MEMORANDUM  OPINION

Terryl
Rebector appeals from the trial court’s dismissal of her medical malpractice
suit against Angleton Danbury Hospital District d/b/a Angleton Danbury Medical
Center (“ADMC”).  Rebector contends the trial court erred in setting aside her
default judgment and in various evidentiary-related rulings.  We affirm.

I.   Background

Rebector sued ADMC, Lawrence W. Andrews, M.D., and
Larry K. Parker, M.D., for injuries allegedly sustained as a result of medical
malpractice.  She later non-suited Dr. Parker.  Rebector had process served on
ADMC’s administrator, whom she claimed was the agent for both ADMC and Dr.
Andrews.  The record does not indicate that either defendant answered.  Rebector
obtained a default judgment against ADMC.  Shortly thereafter, ADMC answered and
filed a motion for new trial.  Following a hearing, the trial court signed an
order granting ADMC’s motion.[1] 
Rebector filed a motion for reconsideration of the court’s order granting a new
trial, which the trial court denied.

Rebector appealed the trial court’s order granting a
new trial to this court.  Rebector v. Angelton Danbury Hosp., No.
14-08-0094-CV, 2008 WL 1838621 (Tex. App.—Houston [14th Dist.] 2008, no
pet.) (mem. op.).  We dismissed the appeal because we lacked jurisdiction to
review the trial court’s interlocutory order.  Id. at *1 (citing Fruehauf
Corp. v. Carrillo, 848 S.W.2d 83, 84 (Tex. 1993)).

In June 2008, the trial court granted ADMC’s motion
to dismiss Rebector’s suit for failure to comply with the expert-report
requirements of section 74.351 of the Texas Civil Practice and Remedies Code.  Tex.
Civ. Prac. & Rem. Code Ann. § 74.351 (Vernon Supp. 2009).  Dr. Andrews was
not mentioned in the dismissal order, and the order did not contain language
making it a final judgment as to all parties and claims.  See Lehmann v.
Har-Con Corp., 39 S.W.3d 191, 195, 206 (Tex. 2001) (“[T]he general rule . .
. is that an appeal may be taken only from a final judgment.”).  Rebector
appealed the order.  

We examined the record to determine whether there was
an implied discontinuance of Rebector’s claim against Dr. Andrews under Youngstown
Sheet & Tube Co. v. Penn.  363 S.W.2d 230 (Tex. 1962).  In Penn,
the supreme court held that when (1) “the judgment entered by the trial court
expressly disposes of all parties named in the petition except [one],” (2) the
remaining party is never served with citation and does not file an answer, and
(3) nothing in the record indicates that the plaintiff in the case ever
expected to obtain service upon the remaining party, “the case stands as if
there had been a discontinuance as to [the remaining party], and the judgment
is to be regarded as final for the purposes of appeal.”  Penn, 363
S.W.2d at 232.

After
reviewing the record, we could not conclude the record was devoid of any indication
that Rebector ever expected to obtain service on Dr. Andrews.[2] 
Apparently, Rebector moved for default judgment against Dr. Andrews, but the
trial court concluded he was improperly served.  During the October 2007
hearing on ADMC’s motion for new trial, Rebector sought information regarding
Dr. Andrews’s location for proper service of process.  At the July 2008 hearing
on ADMC’s motion to dismiss, Rebector explained that she had filed a motion
seeking severance of her claims against Dr. Andrews should the trial court
grant ADMC’s motion to dismiss.  When asked by the trial court if Dr. Andrews
was part of the suit, Rebector replied, “He’s always been in the case.” 
Although Rebector later relied on Penn progeny in arguing that severance
was unnecessary for a final judgment because Dr. Andrews was never served, we
declined to conclude that such was an affirmative expression sufficient to
demonstrate she did not expect to obtain service on Dr. Andrews.  We concluded
that the Penn elements had not been satisfied and Dr. Andrews remained a
party to the underlying suit.  Accordingly, we abated this case to allow the
parties to obtain a final and appealable judgment.  On June 8, 2010, the trial
court signed an order severing Dr. Andrews from the underlying suit and
providing final judgment as to ADMC.  We now consider Rebector’s issues
pertaining to ADMC.  

II.   Analysis

A.        Grant of Motion
for New Trial   

In her
first issue, Rebector contends the trial court erred in granting ADMC’s motion
for new trial because ADMC failed to meet any of the elements of the Craddock
test.  See Craddock v. Sunshine Bus Lines, 134 Tex. 388, 393, 133 S.W.2d
124, 126 (1939).  However, “[e]xcept in very limited circumstances, an order
granting a motion for new trial rendered within the period of the trial court’s
plenary power is not reviewable on appeal.”  Wilkins v. Methodist Health
Care Syst., 160 S.W.3d 559, 563 (Tex. 2005) (noting that the two
limited circumstances are (1) where the trial court’s order is void and (2)
where the order expresses a new trial is granted solely because the jury’s
answers to special questions irreconcilably conflict).  Rebector does not claim
these limited circumstances apply or that the new trial was granted outside the
trial court’s period of plenary power.  Accordingly, the trial court’s order
granting a new trial is not reviewable on appeal.  See Cummins v. Paisan
Const. Co., 682 S.W.2d 235, 235–36 (Tex. 1984); In re N.G.K., No.
05-08-00789-CV, 2009 WL 2973665, at *1 (Tex. App.—Dallas Sept. 18, 2009, no
pet.) (“[T]he motion for new trial was timely filed and the trial court granted
the motion while it retained plenary power over the default judgment. 
Accordingly, the trial court’s act of granting a new trial and setting aside
the default judgment is not reviewable on appeal.”); see also In re Columbia
Med. Ctr. of Las Colinas, Subsidiary, L.P., 290 S.W.3d 204, 209 (Tex. 2009)
(reaffirming that orders granting new trial are not reviewable on direct
appeal).  We overrule Rebector’s first issue.

  In her
third issue, Rebector contends the trial court erred in finding that ADMC was
not served.  In this issue Rebector again asks us to consider whether the trial
court erred in granting ADMC’s motion for new trial.  Because the trail court’s
grant of a new trial is not reviewable, we overrule Rebector’s third issue.

B.        Protective
Order 

            In her fourth
and fifth issues, Rebector contends the trial court erred in granting a
protective order that afforded ADMC employee, Melinda Butler, additional time to
comply with Rebector’s subpoena.[3] 
Butler was the administrative assistant who forwarded by mail Rebector’s
petition and citation to ADMC’s outside counsel.  Butler also notarized several
of the affidavits attached to ADMC’s motion for new trial.  Through her
subpoena, Rebector sought testimony and documents regarding ADMC’s mailing
procedures and the manner in which the affidavits were notarized.  She intended
on using such information to persuade the trial court to set aside its order
granting a new trial.  Rebector ultimately questioned Butler on these issues during
the hearing on her motion for reconsideration of the order granting new trial. 
At the hearing, Rebector argued that the order granting a new trial should be
set aside because ADMC improperly mailed the petition to outside counsel and
the affidavits attached to ADMC’s motion for new trial were improperly
notarized.  The trial court denied Rebector’s motion for reconsideration.

We first
note that ADMC filed written objections to the documents requested in Rebector’s
subpoena.  The trial court granted several of these objections, thereby limiting
the documents Butler was required to produce.  On appeal, Rebector does not
challenge this ruling but argues that the trial court erred in granting the
protective order.

Assuming,
without deciding, that the trial court abused its discretion in granting the
protective order, the record does not establish such error “probably caused the
rendition of an improper judgment,” or “probably prevented the appellant from
properly presenting the case to the court of appeals.”  Tex. R. App. P. 44.1(a);
see also Johnson v. Davis, 178 S.W.3d 230, 244 (Tex. App.—Houston
[14th Dist.] 2005, pet. denied) (reviewing trial court’s erroneous ruling on
protective order for reversible error under Rule 44.1).  Rebector contends she
was harmed by the protective order because it “allowed [ADMC] an opportunity to
prepare [Butler] to overcome the issues of financial interest and
impartiality”—issues related to whether Butler was allowed to notarize the affidavits. 
However, during the hearing on the motion for a protective order, the trial
judge expressed that Rebector’s arguments regarding notarization would not
alter his opinion, but he would allow her to develop them.  Furthermore, ten
days later, Rebector questioned Butler thoroughly regarding these issues at the
hearing on her motion for reconsideration.  Rebector argued strenuously that
Butler lacked capacity to notarize the affidavits and ADMC acted with conscious
indifference by failing to ensure outside counsel received the citation and
petition.  Accordingly, we hold the trial court did not commit reversible error
by granting the protective order.  We overrule Rebector’s fourth and fifth
issues.

In her
sixth issue, Rebector contends the trial court erred in determining that Butler
was a disinterested witness with the capacity to notarize affidavits supporting
ADMC’s motion for new trial.  We conclude that this issue is subsumed by the
first issue.  Even if we conclude that the trial court erred in determining
that the affidavits were properly notarized, our harm analysis of such error would
require us to determine whether the trial court erred by granting new trial.  Because
the order granting a new trial is not reviewable, we decline to consider
whether the trial court erred in ruling that Butler properly notarized the affidavits. 
Rebector’s sixth issue is overruled. 

C.   Docket Control
Order

            In her
seventh issue, Rebector contends the trial court erred in modifying the docket control
order to require her to respond to requests for disclosure and appear for
deposition.  She claims the modified docket control order was contrary to the trial
court’s previously expressed desire to minimize costs prior to mediation.  Pertinently,
she contends the modification was erroneous because the court ordered her
deposition to be taken before mediation and while she was physically and mentally
unable to give testimony.  She argues that the portion of the docket control
order requiring her to appear for deposition prior to production of her expert
report was void as a matter of law.  See Tex. Civ. Prac. & Rem. Code
Ann. § 74.351(s) (specifying the limited discovery allowed before service of
the plaintiff’s expert report in a health care liability suit).  Additionally, Rebector
contends that when she appeared for the deposition, it was wrongfully terminated
by ADMC counsel after he learned she had taken pain medication.

            Rebector’s
suit was ultimately dismissed because she failed to produce an expert report before
the deadline set by the trial court.  Rebector fails to explain, and the record
does not indicate, how any error regarding the docket control order was related
to dismissal of her suit for failure to produce an expert report.[4] 
Therefore, the trial court’s discovery rulings do not constitute reversible
error.  We overrule Rebector’s seventh issue.

III.   Conclusion

We
affirm the judgment of the trial court.

 

                                                                        

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

 

 

Panel consists of Chief Justice
Hedges and Justices Seymore and Sullivan.

 









[1] We note Rebector contends that a default judgment was
taken against Dr. Andrews which became final.  In its order granting default
judgment, the trial court struck through the name “Lawrence W. Andrews” in the
sentence in which the court found default occurred, but did not strike Dr.
Andrews’s name in the paragraphs in which the court determined damages and
ordered damages be paid.  Because Dr. Andrews’s name was left in these
paragraphs, Rebector argues she has a final judgment against Dr. Andrews,
collectible jointly and severally against Dr. Andrews and ADMC or, alternatively,
collectible against ADMC under respondeat superior.  We disagree. 

 

In its order granting ADMC’s motion for new trial, the
trial court expressed, “[The] Default Judgment is set aside and vacated; and
this case shall proceed.”  Hence, even assuming without deciding that default
judgment was rendered against Dr. Andrews, we hold that the default judgment
has been vacated and no longer exists.      





[2] We proceeded directly to the third prong of Penn
because we assumed without deciding that Dr. Andrews was never served with
citation.  Penn, 363 S.W.2d at 232.  We offer no opinion on
whether the citation and return of service in the record actually reflect valid
service on Dr. Andrews.





[3] Rebector’s actual complaint is about the trial
court’s grant of ADMC’s motion to quash the subpoena.  The record, however,
reflects that the trial court granted ADMC’s motion for a protective order.





[4] In this appeal, Rebector does not raise issue
regarding the trial court’s dismissal of her suit for failure to file an expert
report timely.