**Affirmed and Memorandum Opinion filed June 30, 2015.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-14-00075-CV

**HOU-SCAPE, INC., Appellant**

**V.**

**CONWAY HALL SPRINKLER COMPANY INCORPORATED, Appellee**

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1005789**

## M E M O R A N D U M   O P I N I O N

Hou-Scape, Inc. appeals from a final judgment favoring Conway Hall Sprinkler Company Incorporated after a bench trial. In two issues, Hou-Scape contends that the trial court erred in granting Conway Hall's motion for new trial after the first trial resulted in a judgment for Hou-Scape. We affirm.

### *Discussion*

When a motion for new trial is timely filed and the motion is granted during

the trial court's plenary power, the order granting a new trial is generally not reviewable on appeal, either by direct appeal from the order or from a final judgment rendered after further proceedings in the trial court. *Cummins v. Paisan Constr. Co.*, 682 S.W.2d 235, 236 (Tex. 1984); *Langham v. Geisendorff*, No. 06-11-00049-CV, 2011 WL 1901969, at *2 (Tex. App.—Texarkana May 20, 2011, no pet.); *see also In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 209 (Tex. 2009) (discussing *Cummins*). Hou-Scape does not contend that Conway Hall's motion was untimely or that the trial court granted the motion outside its plenary power; indeed, the record demonstrates the motion was timely filed and the trial court acted within its plenary power. Hou-Scape brought this direct appeal after judgment was entered at the conclusion of the second trial.

Only two exceptions to this general rule have been recognized: (1) when the trial court's order is void and (2) when the trial court erroneously concluded that the jury's answers to special issues were irreconcilably in conflict. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005); *see also In re Columbia*, 290 S.W.3d at 209 (discussing *Wilkins*); *In re Wyatt Field Serv. Co.*, 454 S.W.3d 145, 149-50 & n.1 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding) (same).[1] In its two issues, Hou-Scape specifically argues that the trial court abused its discretion in granting a new trial because (1) the newly discovered evidence was known to Conway Hall prior to the first trial, and (2) the affidavit attached to the motion for new trial failed to show what diligence was used to discover the evidence in question. Hou-Scape does not argue that either of the two exceptions identified in *Wilkins* that would render the trial court's order reviewable

---

[1] The Texas Supreme Court has authorized, in certain circumstances, more extensive merits-based review of orders granting new trials in mandamus proceedings. *See In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 758-59 (Tex. 2013). It has not, however, extended such review to direct appeals. *See In re Columbia*, 290 S.W.3d at 209-10 (holding no remedy was available on direct appeal where neither of the *Wilkins* exceptions was present).

are applicable here. Because the trial court's order granting a new trial was an unappealable order and Hou-Scape does not argue any exception to that general rule, we overrule its two issues. *See, e.g., Wilkins*, 160 S.W.3d at 563; *Cummins*, 682 S.W.2d at 236; *Brown v. Brown*, No. 14-03-00978-CV, 2004 WL 1263949, at *1 (Tex. App.—Houston [14th Dist.] June 10, 2004, no pet.) (mem. op.).

We affirm the trial court's judgment.

/s/     Martha Hill Jamison
        Justice


Panel consists of Justices Jamison, Busby, and Brown.