

# NUMBER 13-16-00146-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**THE LOMIX LIMITED PARTNERSHIP ET AL.,**                    Appellants,

**v.**

**PINEDA REO LLC,**                                         Appellee.

---

### On appeal from the 138th District Court
### of Cameron County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria
Memorandum Opinion Per Curiam**

Appellants, The Lomix Limited Partnership, C. Lynn Anderson, Robert Lekach, Miguel A. Molinas, Bradley W. Nordyke, Vicki Miles Rodriguez, She Ling Wong, and Charles W. Zavala, filed a notice of appeal of a final judgment rendered on February 17, 2016, in favor of Pineda REO LLC. Appellant Asim Zamir separately appealed that final

judgment, as did Gerardo Sanchez and Chester Gonzalez, and Madhaven Pisharodi. However, after the final judgment was rendered, the trial court granted motions for new trials filed by two of the parties. Accordingly, Pinedo REO LLC has now filed a motion to dismiss this appeal because there is no final appealable judgment that disposes of all parties and all claims and thus, the Court lacks jurisdiction over this appeal. The motion is agreed by all parties except for Madhavan Pisharodi, who is "presumed to oppose the Motion." The Lomix Limited Partnership, C. Lynn Anderson, Robert Lekach, Miguel A. Molinas, Bradley W. Nordyke, Vicki Miles Rodriguez, She Ling Wong, and Charles W. Zavala have filed a response to the motion to dismiss agreeing that the judgment is interlocutory and contending that we lack jurisdiction over this appeal.

Appellate courts only have jurisdiction to review final judgments and certain interlocutory orders identified by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final if it disposes of all parties and claims in the lawsuit. *See id.* at 192–93. In this case, because the trial court granted new trials as to two defendants, the February 17, 2016 judgment no longer disposes of all parties and all claims. Further, an order granting a new trial is an unappealable, interlocutory order. *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993) (per curiam); *Cummins v. Paisan Constr. Co.*, 682 S.W.2d 235, 235 36 (Tex. 1984) (per curiam).

The Court, having examined and fully considered the motion to dismiss, is of the opinion that we lack jurisdiction over this appeal because there is no final appealable judgment. Accordingly, we GRANT the motion to dismiss and we DISMISS the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

2

PER CURIAM

Delivered and filed this
14th day of July, 2016.